# Warren, Burch & Co. v. Gabriel & Co.

### Action on Common Money Counts.

1. *Impeaching party as witness.* — When a party takes the deposition of his adversary as a witness, and reads it in evidence on the trial, he thereby makes him his witness, and cannot afterwards impeach his general character for truth and veracity ; but he may, nevertheless, adduce other evidence of the facts to which such witness has testified, although it may contradict his testimony.

2. *Proof of fraud.* — Fraud cannot be presumed, but must be proved by the party asserting it.

APPEAL from the Criminal Court of Butler.

Tried before the Hon. W. H. CRENSHAW.

This action was brought by the appellants, suing as partners, to recover the price of goods sold and delivered by them to the defendants. The complaint contained only the common money counts. The cause was tried on issue joined on the pleas of *non assumpsit*, payment, and accord and satisfaction. There was no controversy about the sale of the goods, or the price ; and a partial payment of thirty-three cents on the dollar was admitted, which was paid on a compromise or settlement by the defendants with all their creditors. The plaintiffs contended that this compromise was not binding on them, because the defendants had practised a fraud on their creditors in concealing a portion of their assets ; and this was the only disputed question of fact in the case. The plaintiffs took the depositions of both of the defendants on interrogatories, and read them in evidence on the trial. The defendants requested the court to charge the jury as follows : —

" 1. That the plaintiffs, by introducing in evidence the defendants' answers to interrogatories propounded to them by plaintiffs for a discovery, made them their witnesses, and indorsed their credibility ; and they cannot be allowed to contend that they are unworthy of credit.

" 2. That the defendants are plaintiffs' witnesses, made such by plaintiffs introducing their answers to interrogatories propounded to them, and plaintiffs are not permitted by law to attack the credibility of either of said witnesses, as to any fact deposed to by them or either of them ; but that plaintiffs, by introducing their evidence, indorsed their credibility, and cannot attack their veracity as to all material matters of fact.

" 3. That if the plaintiffs' witnesses, said defendants, have testified that they accounted honestly and *bonâ fide* for all their assets when they settled with their creditors, including the plaintiffs, then the plaintiffs cannot attack their veracity in thus swearing.

" 4. That fraud cannot be presumed, but must be proved ;

[Warren *v.* Gabriel.]

and that if the defendants perpetrated any fraud on their cred-
itors in settling with them at thirty-three cents on the dollar,
the burden is on the plaintiffs to prove it — that it cannot be
presumed."

" The court gave each of these charges, but, in connection
therewith, also charged the jury, that although the plaintiffs
will not be allowed to impeach the credibility of said defend-
ants as witnesses, and their character for truth and veracity,
yet they are not precluded from proving the truth of any par-
ticular fact in direct contradiction of their testimony; and this,
not only if it appears they were innocently mistaken, but
even if the collateral effect of such contradiction would tend to
show they were unworthy of belief."

These charges, to which the plaintiffs excepted, are the only
matters now assigned as error.

HERBERT & BUELL, with V. S. MURPHEY, for appellants.

JUDGE & HOLTZCLAW, *contra.*

PETERS, C. J. — The paramount question raised on this
record is the right of a party introducing a witness to assail his
veracity, without assigning some special reason therefor.   It is
certainly well settled, that when a party offers a witness in
proof of his cause, he thereby, in general, represents him as
worthy of belief, and the law will not permit him afterwards to
impeach the general character of the witness for truth, or to
impugn his credibility by general evidence tending to show him
to be unworthy of belief.   1 Greenl. Ev. § 442.   This principle
has been applied by this court to a party who has introduced
the testimony of his adversary, elicited on an examination upon
interrogatories under the provisions of the Revised Code for
the examination of parties by interrogatories.   Rev. Code,
§§ 2731–8; *Wilson* v. *Maria,* 21 Ala. 359.   This is the case
at bar.   The first, second, and third charges given conform to
this principle, as applied in the case above cited.   They were,
therefore, free from error.   The explanatory charge, given in
connection with them, rescued these charges from any imputa-
tion of misleading the jury.   It instructed the jury, in effect,
that a resort to this mode of obtaining evidence does not pre-
clude the party from adducing other proof of the same facts,
or from contradicting the evidence elicited on the examination
by interrogatories.

2. I am not able to perceive any error in the fourth charge
given.   Fraud consists in acts, or omissions to act, which in-
volve a breach of legal duty, trust, or confidence, which are
injurious to the party complaining.   *Kennedy* v. *Kennedy,* 2

[Raines *v.* Raines's Executors.]

Ala. 571. These acts or omissions must be established by proof, but very great latitude in the range of the evidence for this purpose is allowed. *Snodgrass* v. *Br. Bank at Decatur*, 25 Ala. 161. It may be positive, or it may be circumstantial. 1 Greenl. Ev. § 13. But, whatever the form of the proof may be, it does not release a party, who insists on the existence of fraud, from the burden of establishing it by competent evidence. The proof is upon him who alleges a fact, not upon him who denies it. 1 Greenl. Ev. § 74. There was, then, no error in this charge.

The record shows no error hurtful to the appellants, and the judgment is affirmed.