14,783.

## MILLER ET AL. *v.* COOK.

WITNESS.—*Impeachment of by Party Producing.—Surprise.—Discretion of Trial Court.*—A party producing a witness may show that he has made statements different from his present testimony, upon the ground of surprise. In such an instance the matter is of necessity left very much to the discretion of the trial court. Section 507, R. S. 1881.

APPEAL.—*Presumption.—Error.*—The presumption, on appeal, is that the lower court did not commit an error.

From the Pike Circuit Court.

*J. W. Wilson, E. A. Ely, W. F. Townsend* and *E. Smith,* for appellants.

*F. B. Posey, A. N. Taylor* and *E. P. Richardson,* for appellee.

MILLER, J.—This was an action brought by the appellee against the appellants to set aside certain conveyances of real estate from Justus Miller, Sr., to Justus Miller, Jr., and Levisa Bell, which it was claimed had been executed in fraud of the creditors.

The appellants having answered the complaint by a general denial, the cause was submitted to the court for trial, which resulted in a finding and judgment in favor of the appellee.

A motion for a new trial, assigning as causes the insufficiency of the evidence to sustain the finding of the court, and the admission of incompetent evidence, was made and overruled.

The evidence shows, among other things, that in March, 1887, a cause of action accrued to the appellee against the appellant Justus Miller, Sr., for slanderous words spoken by him ; that on the 12th day of August a criminal prosecution for libel was instituted, by affidavit, before a justice of the peace, for the speaking of these words, and on the same day Miller, Sr., was arrested, brought before the magistrate,

and gave bond for his appearance on the 20th of the month; that on the 20th the appellants, Miller, Sr., and Miller, Jr., appeared before the justice, and, after a parley about pleading guilty, made a motion to quash the indictment, pending which a change of venue was taken to another justice, and the hearing set for the 30th inst.; that on the 24th day of the month the appellants went to Petersburg, a distance of eighteen or twenty miles, and had two deeds prepared and executed by Justus Miller, Sr., and wife, one to the appellant, Justus Miller, Jr., who was his son, expressing the consideration as follows : " This deed is upon the express condition that the grantee maintains and supports the grantors their natural lives, of each and both, in a manner suitable to their age and condition, and give to each of them a decent burial at death, and erect at the grave of each of them tombstones of reasonable value, suitable to their age and condition." And one to Levisa Bell, his daughter, reciting a consideration of $680; that by these two deeds he conveyed all his real estate, about 400 acres, worth $10 per acre; and that at the same time he transferred all his personal property, worth from $450 to $500, to Justus Miller, Jr.; that since that time he has been insolvent.

That on the day of the execution of the deeds the appellant Justus Miller, Jr., was informed by the father of the appellee that the criminal prosecution would be abandoned and a civil suit for damages instituted, unless a retraction of the slanderous words charged was made in writing; that shortly afterwards Miller, Jr., moved on the land; that no money was paid by either of the grantees, and there was no consideration for the execution of the deed to Levisa Bell, except a desire on the part of her father, as he expressed it, to " make her even with her sister." Shortly afterward a suit for slander, counting upon the same cause of action referred to in the criminal prosecution, was brought, and a verdict for $1,600 rendered in favor of the appellee against

the appellant Miller, Sr., upon which an execution was issued and returned wholly unsatisfied.

Some additional evidence was introduced by the respective parties, of declarations of the grantor, running back through a series of years, to the effect that he sometimes said he would, and sometimes that he would not, turn his property over to his children.

We conclude that the finding of the court is fully sustained by the evidence.

On the trial the appellee examined Justus Miller, Sr., as a witness, on her behalf, and during his re-examination he stated that at the time of the making of the deeds, he did not know that a civil suit was going to be brought against him, and thereupon the appellee propounded to him this question :

" Did you not say to Hansel Spradley, in the town of Petersburg, Pike county, Indiana, in November, 1887, that the reason you did not plead guilty before Esquire Hanroth was because it would have bound you in the civil suit ; that you knew that they were going to bring a civil suit?"

Objection was made to this question, and overruled, and he answered :

" No, I did not tell Spradley that. I had no such conversation with him."

Standing alone, this could not harm the appellant, for nothing was proven. The same may be said with reference to the following question propounded to him :

" Did you say to William Roe, in Lockhart township, this last week, that you would rather law away all of that property than that Ida Cook should ever get a cent of it?"

To which he answered : " I don't remember saying that."

Objection is also made to the ruling of the court in allowing Hansel Spradley, while a witness upon the stand to answer this question :

" Did Justus Miller, Sr., say to you last fall, in the town of Petersburg, he did not plead guilty to the charge before

Miller *et al. v.* Cook.

Esquire Hanroth, because he knew a civil suit would be brought, and his admission would bind him ? "

As has been stated Justus Miller, Sr., had, during his re-examination, denied that he had any knowledge that the bringing of a civil suit against him had been contemplated, when the record informs us he was asked if he had not made contradictory statements to Hansel Spradley, at a certain time and place, as above set out, which he denied.

We are not informed upon what grounds the court admitted the evidence, but from the form and position of the question it is apparent that it was intended as an impeachment. The right of a party producing a witness to show that he has made statements different from his present testimony, upon the ground of surprise (section 507, R. S. 1881), is a matter necessarily left very much to the discretion of the trial court, and as the presumptions are all in favor of the trial court, we can not say that there was any abuse of discretion in allowing the question to be answered. But if we had arrived at a contrary opinion upon the admissibility of this evidence, we could not disturb the finding and judgment of the court, for the evidence, excluding that which is objected to by the appellant, shows that the " merits of the cause have been fairly tried and determined in the court below," and we are, therefore, forbidden by statute (section 658, R. S. 1881) to reverse the judgment.

Judgment affirmed.

Filed March 10, 1891.