MUNICIPAL COURT OF THE CITY OF PROVIDENCE *vs.* ISAAC KIRBY.

MAY 13, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Expert Witnesses. Exception to Qualification.*
The qualifications of a person presented as an expert witness are for the court to pass upon as a question of fact, and exception to the decision of the court will not be sustained unless it is clearly shown to be founded on some error in matter of law or grossly wrong upon the evidence.

(2) *Expert Witnesses. Proving Signature.*
Previous acquaintance with a person's handwriting is not essential now under the provisions of court and practice act, section 399.

(3) *Evidence. Contradicting Own Witness.*
Where the issue was whether the defendant had signed a bond, plaintiff may introduce evidence to prove such fact, although he had previously called the defendant as his own witness, who had denied it.

DEBT. ON BOND. Heard on exceptions of defendant, and overruled.

DOUGLAS, C. J. This is an action of debt on a bond purporting to have been made by John M. Brennan, guardian of Julia Donahue, with Ellen E. Brennan and Isaac Kirby as sureties. Isaac Kirby, being called as a witness by the plaintiff, denied that he had signed the bond. Thereupon the plaintiff produced certain signatures which were admitted by defendant's counsel to have been made by the said Kirby, and called one Henry W. Small, who, after examination as to his qualifications, was allowed to testify as an expert in handwriting. To the testimony of this witness the defendant

excepted, and now urges his exception in this court. His bill contains also an exception to the admission of the evidence of another witness, but the record shows that this evidence was rejected by the Superior Court.

The defendant's objections to the evidence of Small are that the witness was not qualified as an expert, that the disputed signature could not legally be proved by a comparison with genuine signatures, that the plaintiff was bound by the denial of the defendant, whom he called, and should not have been allowed to introduce other evidence to contradict him.

(1) The qualifications of a person presented as an expert witness are for the court to pass upon as a question of fact, and exception to the decision of the court upon that question will not be sustained unless it is clearly shown to be founded on some error in matter of law, or grossly wrong upon the evidence. Rogers Expert Testimony, § 22, and cases cited. No such error is here presented. The witness was fully cross-examined as to his qualifications, and his answers show him to have been competent. His opinion with the reasons for it were clearly presented to the jury and the court instructed them that they were not to be controlled by it, but to decide the issue upon the weight of the evidence. Previous acquaintance with the person's handwriting, which was held to be a necessary qualification of a witness called to prove a disputed signature in *Kinney* v. *Flynn*, 2 R. I. 319, is not now essential under our statute.

It is provided by the court and practice act as follows: "SEC. 399. Comparison of a disputed writing with any writing proved to the satisfaction of the judge to be genuine shall be permitted to be made by witnesses; and such writings, and the evidence of witnesses respecting the same, may be submitted to the court and jury as evidence of the genuineness, or otherwise, of the writing in dispute."

Neither was there error in the admission of evidence to prove the signature after the defendant, called by the plaintiff, had denied its genuineness. The rule that a party may not impeach his own witness does not apply to such a case as this. 17 Cyc. 816, n. 45; *Schmidt* v. *Durnam*, 50 Minn. 96; *Mair* v.

*Culy,* 10 U. C. Q. B. 321; *Universal Bag Co.* v. *Fensley,* 18 N. Y. Miscel. 408, 411; *Newman* v. *Clapp,* 20 N. Y. Miscel. 68; *Warren* v. *Gabriel,* 51 Ala. 235.

In *Becker* v. *Koch,* 104 N. Y. 394, 401, the court say: "Sometimes rather loose language has been indulged in to the general effect that a party can not impeach his own witness, but when an examination is made as to the limits of the rule the result will be found to be that it only prohibits this impeachment in three cases, viz. · (1) the calling of witnesses to impeach the general character of the witness; (2) the proof of prior contradictory statements by him; and (3) a contradiction of the witness by another where the only effect is to impeach and not to give any material evidence upon any issue in the case," citing New York cases and 2 Starkie on Ev. (9 Am. Ed.) 244–250; 2 Phil. on Ev. (C. & H. & Ed. notes), m. p. 981, 982, 983, and note 602; 1 Green on Ev. § 442. After commenting on the three classes of cases where impeachment is forbidden, the court continues: "All the cases concur in the right of a party to contradict his own witness to prove a fact (material to the issue) to be otherwise than as sworn to by him, even when the necessary effect is to impeach him."

Many courts hold that a party may impeach his adversary whom he calls as a witness by evidence of contradictory statements made by him. *Miller* v. *Cook,* 127 Ind. 339; *Thomas* v. *McDonald,* 88 Iowa, 374; *Griffis* v. *Whitson,* 3 Kan. App. 437; *Gibbs* v. *Linabury,* 22 Mich. 479, and *Pickard* v. *Collins,* 23 Barb. 444, allow the admission of such evidence.

In New York, under the Code Civ. Proc., § 838, such contradictory statements are held to be admissible. *Kelly* v. *Jay,* 79 Hun. 535.

In the case at bar the sole issue was whether the defendant signed the bond. Hence, under all the authorities, any legal evidence of that fact was admissible, although the defendant had been called by the plaintiff and had denied it.

The defendant's exceptions are overruled and the cause is remanded to the Superior Court for judgment upon the verdict.

*Thomas J. Flynn,* for plaintiff.

*Stephen J. Casey,* for defendant.