## JAMES F. MURRAY V. THE GEISER MANUFACTURING COMPANY.

No. 15,759. (99 Pac. 589.)

SYLLABUS BY THE COURT.

1. CHATTEL MORTGAGES—*Recording—Custody—Presumption.* A chattel mortgage which is proved to have been duly filed in the proper office is presumed to have remained there until its removal is shown; its unexplained appearance later in some other place in the possession of the mortgagee may annul the presumption from that time on, but can have no retroactive effect. In spite of such appearance the presumption must be indulged that at all times prior thereto and subsequent to the filing the mortgage was in the custody of the register of deeds.

2. PRACTICE, DISTRICT COURT—*Instructions—Definition—"Residence."* It is error to submit to a jury the question of the residence of a person without some definition of the term, where that is the controlling question in the case and is left in grave doubt by the evidence, and the attention of the court has been drawn to the necessity for an explanation on the subject, although the form in which the request for such an instruction is made may be open to objection.

Error from Reno district court; PETER J. GALLE, judge. Opinion filed January 12, 1909. Reversed.

*W. G. Fairchild,* for plaintiff in error; *H. S. Lewis,* of counsel.

*F. P. Hettinger, James Hettinger,* and *J. B. Van Deren,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: O. L. Jones executed a chattel mortgage to the Geiser Manufacturing Company, which was filed in Kingman county December 5, 1903. On June 6, 1905, in an action against Jones the mortgaged property was attached, and later it was sold, under process based on the attachment, to James F. Murray. The mortgagee brought replevin against Murray, and re-

covered a judgment for its return, from which error is now prosecuted.

The real controversy was whether Kingman was the proper county in which to file the chattel mortgage. The plaintiff contended that Jones was at the time a resident of that county, but that, if he was not, he was a non-resident of the state, and Kingman was still the right county because the property was situated there. The defendant maintained that Jones was a resident of Oklahoma and that the property was situated in Reno county. These issues were submitted to a jury, which returned a general verdict on which judgment was rendered.

The defendant sought also to question whether the mortgage was in fact filed with the register of deeds of Kingman county, and whether, if so, it remained on deposit with that officer until the attachment was levied. To prove the fact of filing the plaintiff introduced a document certified by the register of deeds to be a copy of a chattel mortgage and renewal affidavit, as the same appeared of record in Book K of chattels, at page J, in his office. The copy referred to showed an indorsement signed by the register of deeds reading: "This mortgage was filed this 5th day of December, A. D. 1903, at 11 o'clock A. M. and indexed in Book K, on page J, of chattel mortgages." The form of the certificate may be open to verbal criticism, but this evidence tended to show the filing of the mortgage, and, not having been controverted, must be deemed to have established it.

The claim that the mortgage was not shown to have remained on deposit in the office of the register of deeds was based upon the assertion that after the replevin suit was begun, in the course of taking depositions in another county, the plaintiff's attorney produced the original in his own control. The defendant argues that this unexplained and unauthorized absence of the document from the possession of its official custodian destroyed the presumption that would otherwise have

existed that in the interval it had been continuously in his charge, and was at the time the attachment was levied. The case of *Griffis v. Whitson,* 3 Kan. App. 437, 43 Pac. 813, is cited in support of the proposition. We think the argument unsound, for this reason, if for no other: the mortgage, having been duly filed in the office of the register of deeds, must be presumed to have remained on deposit there until its removal is shown—a result that follows alike from the presumption of the regularity of official conduct and that of the continuance of a status once established. The appearance of the mortgage later in the hands of the mortgagee might annul the presumption from that time on, but would have no retroactive effect—it would not reach back and destroy the presumption that at some earlier date the register still had the instrument, any more than it would tend to contradict the evidence of the original filing.

No special findings were returned, and the verdict may have been and probably was based upon the conclusion that Jones was a resident of Kingman county when he executed the mortgage, the question of his residence having been the principal one submitted to the jury. He was unmarried, had previously been a resident of Oklahoma, and spent a part of the time there and a part in Kansas. The evidence left his legal domicil in much doubt, and it was manifestly important that the jury should be advised just what considerations the law made controlling in this regard. The plaintiff submitted a request for an instruction giving a substantially correct definition of what constitutes one's legal residence, but including some statements with regard to the filing and retention of the mortgage by the register of deeds—matters, as already explained, not really in issue. The request was refused and the jury were asked to determine whether Jones was a resident of Kingman county without being told how that question would be affected by his acts and inten-

tions. In view of the character of the testimony, and of the fact that the case virtually turned on this one question, we think the court erred, not necessarily in refusing to give the very instruction asked, but in failing, after attention had been drawn to the subject, to include in the charge some explanation of what was implied by the use of the term "residence."

The judgment is therefore reversed and a new trial ordered.