# Long-Lewis Hardware Co. *v.* Ewing.

*Assumpsit.*

(Decided April 23, 1913.  62 South. 341.)

1. *Appeal and Error; Harmless Error; Pleading.*—Where a defendant had the benefit under other special pleas, on which issue was joined, of all matters sought to be set up by another plea, he was not prejudiced by the sustaining of demurrer to such plea.

2. *Witnesses; Cross-Examination; Scope.*—Where the action was for a broker's commission for selling certain roofing, and defendant claimed that plaintiff had fraudulently represented both parties in the deal, without defendant's knowledge, and plaintiff claims that he was not acting for the other party in the transaction, great latitude should have been allowed, and a broad range of inquiry indulged in the cross-examination of witnesses and the introduction of evidence on the issue of fraud, and it was error to refuse to permit defendant to show on plaintiff's cross-examination that he had represented himself as the agent of the other party in matters connected with the building of the house.

3. *Same; Relevancy.*—Where the action was for broker's commission for selling certain roofing to a contractor, and defendant claimed that plaintiff fraudulently acted as the contractor's agent, defendant was entitled to ask the contractor, on the cross, if he did not pay plaintiff for his services in connection with the construction of the house in question, and if plaintiff as witnesses' agent did not collect a certain sum from the owner's agent to pay bills for the construction of such house .

4. *Brokers; Commissions; Fraud; Agent for Both Parties.*—A defendant being sued by broker for commission for selling certain roofing, setting up that plaintiff fraudulently acted as the agent both of the contractor and defendant, it was competent for defendant to show that plaintiff also acted as contractor's agent in other matters connected with the construction of the houses for which the roofing was purchased.

5. *Same; Issue and Proof.*—Where defendant set up by plea that the commission was not due until defendant had been paid in full for the material sold, it was error not to permit the defendant to prove such part of the contract.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by W. M. Ewing against the Long-Lewis Hardware Company. Judgment for plaintiff and defendant appeals. Reversed and remanded.

ESTES, JONES & WELCH, for appellant. A party cannot be agent for both buyer and seller at one and the same time unless both parties are aware of it at the time.—*Green v. So. States L. Co.*, 141 Ala. 680; 129 U. S. 643. Such being the defense, great latitude should have been allowed in the cross-examination of the witnesses showing that fraud entered into the contract, and connecting the plaintiff with the contractor as well as with the defendant in the purchase of the roofing, and the court was in error in not permitting the attempted cross-examination of plaintiff.—Authorities supra, and *Perry v. Tuscaloosa C. S. O. Co.*, 93 Ala. 370.

C. F. WINKLER, for appellee. The broker had earned his commission, and was entitled to recover.—*Sayre v. Worthington*, 86 Ala. 151; *Henderson v. Vinson*, 84 Ala. 99; *Smith v. Sharp*, 162 Ala. 433; *Hutto v. Stough & Hornsby*, 157 Ala. 556. The pleas were demurrable.— *Green v. So. States L. Co.*, 141 Ala. 680. No sufficient grounds of objection was interposed to the evidence.— Rule 33, Sup. Ct. Pr.; *Espalla v. Richards & Sons*, 94

[Long-Lewis Hardware Co. v. Ewing.]

Ala. 159. On the above authorities, the questions propounded were illegal.

PELHAM, J.—The appellee, as plaintiff below, sued the appellant to recover a certain sum alleged to be due him as a commission or brokerage for selling a lot of roofing to one R. F. Thompson, to be used by him as a contractor in constructing a number of houses for the Tennessee Coal, Iron & Railroad Company. The defendant pleaded the general issue and by special pleas set up, among other defenses: (1) That it was only to pay the commission in the event of its receiving payment in full for the roofing, and that full payment had not been made: (2) that the plaintiff was the agent of and was representing both the seller and the buyer in the transaction without their mutual knowledge and consent, and that the cause of action is based on a fraudulent transaction and is void; (3) that the plaintiff was guilty of a fraud in the transaction, in that he was representing both seller and purchaser.

The court's rulings in sustaining demurrers to the defendant's sixth plea as originally filed and as amended and refiled to additional counts of the complaint are assigned as error, but if this was error it would be without injury; for the defendant had the benefit of all the matters sought to be set up by this plea that were proper matters of defense, under the averment of other special plea upon which issue was joined.—*Creola Lumber Co. v. Mills,* 149 Ala. 474, 42 South. 1019; *Smith v. Davis,* 150 Ala. 106, 43 South. 729; *S. C. Oil Co. v. Walker,* 164 Ala. 33, 51 South. 169.

The issues before the court on the trial involved a question of fraud. One of the defenses relied upon was that the plaintiff could not successfully maintain this cause of action because he was guilty of a fraud that forfeited his right to recover. Great latitude and a broad range of inquiry should be allowed in the cross-

examination of witnesses and in the introduction of evidence when the issues involve proof of the existence of fraud.—*Dudley v. Stansberry*, 5 Ala. App. 491, 59 South. 379; *So. L. & T. Co. v. Gissendaner*, 4 Ala. App. 523, 58 South. 737; *Warren Burch & Co. v. Gabriel & Co.*, 51 Ala. 235; *Snodgrass v. Br. Bank at Decatur*, 25 Ala. 161, 174, 60 Am. Dec. 505; 20 Cyc. 110; 14 Am. & Eng. Ency. Law, 195, subd. 2. That the trial court did not observe this rule of law in the conduct of the case, to the prejudice of the defendant, is manifest from many rulings made during the course of the trial, to which objections were made and exceptions reserved, that are made the basis of numerous assignments of error.

The defendant should have been allowed to show by the plaintiff, when being cross-examined, that he had represented himself, in matters connected with building the houses, as the agent of Thompson. The plaintiff claimed not to be acting as Thompson's agent in the transaction made the basis of this action, and if he represented himself to another as Thompson's agent, in matters connected with building the houses, this would have a tendency to establish the contention of the defendant that he was acting as such agent in the transaction in question,

It was also competent in this same connection to show that the plaintiff was acting as the agent of Thompson in other matters connected with the construction of the houses, and the court was in error in refusing to allow the defendant to cross-examine the plaintiff with reference to these matters.—*R. I. & S. Co. v. Passafume*, 61 South. 327. These occurrences, if they took place, may have been explained consistently with the plaintiff's not having acted as the agent of Thompson in the particular transaction made the basis of this cause of action; but the acts were so connected as to be admissible for

the purpose of shedding light on the question as to whether the plaintiff was acting as the agent of Thompson in the transaction that was the subject of inquiry, and which was one of the issues in the case.

The questions to the witness Hamilton, seeking to elicit evidence having a tendency to show that the plaintiff was acting as the agent of the contractor in selecting the kind of roofing, etc., were proper and relevant, and the court should have permitted the witness to answer them. It was within defendant's right of cross-examination, and relevant to the issues, to ask the witness Thompson, when testifying as a witness for the plaintiff, if he did not pay the plaintiff for services in connection with the construction of the houses, and if the plaintiff, as the agent of the witness (Thompson), did not collect certain sums from the owner's agent for the purpose of paying bills for the construction of the houses; and the court erred in sustaining objections to these questions asked this witness on his cross-examination.

One of the defendant's pleas upon which issue was joined averred that the commission was only to become due and payable in the event the defendants were paid in full for the roofing, and the court was in error in sustaining objections to questions propounded to the witness Crowe seeking to show this fact, and not allowing the witnesses Thompson and Crowe to testify to facts showing that payment in full had not been made.

More than 50 assignments of error are based on the court's rulings on the evidence relating to similar matters to those we have pointed out, but we do not deem a further discussion of them necessary. As what we have said will serve as a sufficient guide to the court on another trial, a prolonged discussion pointing out other erroneous rulings on evidence of a similar nature would serve no proper or beneficial purpose. On another trial the court should not restrict the evidence

having for its evident purpose proof of the existence of a fraud to such narrow limits, and should bear in mind that, "as a general rule, great latitude is allowed in the range of evidence when the question of fraud is involved. It is indispensable to truth and justice that it should be so; for it is hardly ever possible to prove a fraud, except by a comprehensive and comparative view of the actions of the party to whom the fraud is imputed, and his relative position a reasonable time before, at, and a reasonable time after, the time at which the act of fraud is alleged to have been committed."—*Snodgrass v. Branch Bank*, 25 Ala. 161, 174, 60 Am. Dec. 505, quoted approvingly in *Dudley v. Stansberry et al.*, *supra*.

The evidence of the plaintiff, when testifying as a witness in his own behalf, shows that what he did in and about earning commissions was done as a partner of Mabry Brothers, who were engaged in the brokerage business, and as the suit is brought by the plaintiff as an individual his right to recover a judgment, against timely and appropriate objection raising this question, is doubtful, although there is evidence showing that the contract providing for the payment of a commission was entered into by the plaintiff with the defendant as an individual. The defendant reserved an exception to the conclusions and judgment of the court on the evidence, and assigns errors based on this proposition; but as some of the evidence showed that this particular contract was made with plaintiff individually, and the statement made by the plaintiff in reference to his partnership transactions was general, and may be subject to limitation or explanation as to this transaction on another trial, we will not undertake to pass upon this question, as the case must be reversed for erroneous rulings on the evidence.

Reversed and remanded.