# Long-Lewis Hardware Co. *v.* Ewing.

## *Assumpsit.*

(Decided April 13, 1915.   Rehearing denied aMy 11, 1915.
68 South. 794.)

1. *Appeal and Error; Harmless Error; Pleading.*—Where defendant had the full benefit of the issue under another plea to which no demurrer was sustained, he cannot complain of the sustaining of a demurrer to a plea raising a similar issue.

2. *Principal and Agent; Compensation; Impossibility of Performance.*—Where one contracts to pay a commission to another for procuring a sale of certain roofing material, he cannot deny his liability, after the contract of sale has been made, because no such roofing was in existence or being manufactured.

3. *Same; Substituted Contract.*—Where an agent effected a contract of sale for his principal of a specified kind of roofing, which was not then in existence, and without the agent's authority the principal agreed to furnish the buyer a different roofing and collected the price therefor, the agent is entitled to his compensation.

[Long-Lewis Hardware Co. v. Ewing.]

4. *Same.*—Unless an agent does so with the knowledge and consent of both parties, he cannot act as agent for both parties to the transaction without forfeiting his right to compensation.

5. *Courts; Decision; Review.*—Although the finding of a city court may be reviewed without any presumption in its favor, under the statute creating them, yet the appellate courts will not disregard the fact that such court had better opportunity to determine the weight and credibility of the testimony because it had the witnesses before it.

6. *Principal and Agent; Compensation; Settlement.*—Where the contract was that the agent's commissions should be paid as soon as the principal recevied full payment, and without consulting the agent, the principal gave the buyer a receipt in full in consideration of an assignment by him of his property in trust for his creditors, such agent is entitled to his compensation, although the principal failed to realize the full amount of his claim out of the property.

7. *Interest; Accrual of Debt.*—Where the agreement was that the agent was to receive his compensation when the principal received payment for the goods, the agent was entitled to interest only from the date of the settlement of the principal with the buyer.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Assumpsit by W. H. Ewing against the Long-Lewis Hardware Company. Judgment for plaintiff, and defendant appeals. Corrected and affirmed.

(The judgment in this case was reviewed by the Supreme Court on certiorari to the Court of Appeals, and the writ was denied. 193 Ala. 678.—Reporter.)

ESTES, JONES & WELCH, for appellant.

C. F. WINKLER, and J. L. DRENNEN, for appellee.

PER CURIAM.—This is the second appeal in this case.—*Long-Lewis Hardware Co. v. Ewing,* 8 Ala. App. 657, 62 South. 341. Appellee (plaintiff below) recovered judgment for a sum of money alleged or claimed to be due as brokerage or for services rendered by him in consummating an agreement of sale by appellant to one Thompson of certain roofing material designated by the parties as "Johns-Manville 3-ply Standard Burlap

Roofing," for use by Thompson in the construction of certain tenement buildings for the Tennessee Coal, Iron & Railroad Company. The complaint contained the common counts and a special count. The cause was tried by the presiding judge without the intervention of a jury.

Plea No. 12, to which demurrer was sustained, and of which ruling appellant complains, denied the plaintiff's right to recover for the reason, it is alleged, that, at the time of the alleged sale of the material, none such as that designated had been manufactured or was then in existence; wherefore, it is said, the contract or sale out of which the brokerage or commission arose had no legal existence.

(1) The plea attempts in effect to assert that there was no consideration for the alleged agreement; but, since appellant had the full benefit of this issue under its plea No. 4, it was not prejudiced by the ruling, even if erroneous. The plea, however, is manifestly defective in substance for the reason which we shall presently consider.

Appellant's chief insistence is that judgment should not have gone against it for the reason that the subject-matter of the contract—the roofing material stipulated in the agreement between the parties—never had any actual or potential existence. Appellant was the vendor, and the agreement of sale between it and Thompson, which appellee was instrumental in bringing about, was reduced to writing, and designated the material as "Johns-Manville 3-ply Standard Burlap Asbestos Roofing;" the consideration being $4.35 per square. The agreement between the parties relating to the brokerage or commission at first rested in parol, but was subsequently reduced to writing, and designated the material

as "Johns-Manville 3-ply Stan. Burlap Roofing, sold to
R. S. Thompson at $4.35 per square." In its order to
the Johns-Manville Company, the manufacturer of roof-
ing material appellant designated the material in the
same language as was contained in the agreement of sale
between it and Thompson. The manufacturer, as in com-
pliance with this order, delivered to appellant a roofing
material which appellant in turn delivered to Thomp-
son as in compliance with the agreement of sale between
them. After Thompson, who was a contractor, had cov-
ered some 40 buildings with the material thus obtained,
the Tennessee Coal, Iron & Railroad Company rejected
the material as not in compliance with the contract be-
tween it and Thompson. It was then discovered that
this material was a brand known and called "Johns-
Manville 3-ply Brooks Roofing," and that the Johns-
Manville Company did not manufacture a 3-ply Burlap
Roofing, but did manufacture a 3-ply Asbestos Roofing
known as the "Brooks Brand," and also a brand called
"Johns-Manville Standard Asbestos Roofing," contain-
ing burlap, which carried a ten-year guaranty, and it
was this latter brand which was called for in the con-
tract between Thompson and the Tennessee Coal, Iron
& Railroad Company. Thereupon an adjustment of their
differences was had between the Tennessee Coal, Iron
& Railroad Company, Thompson, and appellant, in
which a deduction was made on account of the roofing
which had already been placed on the buildings, and
by supplying the brand of material required of Thomp-
son for the remainder of the buildings. This, however,
was done without the knowledge or consent of appellee.
The evidence tends to show that no roofing material
of the specific brand or designation stipulated for be-
tween the parties and Thompson was being manufac-

tured at that time, but that neither of the parties, nor Thompson, was then aware of that fact, nor did they know that the material delivered was other than that ordered or stipulated for until it was rejected by the Tennessee Coal, Iron & Railroad Company. The evidence also tends to show that appellant, in making its bid for the order, had before it the agreement between Thompson and the railroad company, or the specifications which called for "Johns-Manville Standard Asbestos Roofing, guaranteed for ten years," and that appellant, in making the price at which it would furnish the material, included therein the amount of brokerage or commission it had agreed to pay appellee, and in fact subsequently collected a considerable part thereof and made some payment to appellee on account.

(2) Appellant, having undertaken and obligated itself to sell and deliver the material, cannot, in the absense, of course, of fraud, be heard to deny its liability to appellee for services rendered by him in bringing about the agreement of sale, even though no such material had then been manufactured. A contract to do an impossible thing may be void; but it is never impossible to procure and deliver an article of commerce which may be had in the market or which may be manufactured.

"Where no express or implied provision as to the event of impossibility can be found in the terms or circumstances of the agreement, it is a general rule of construction, founded on absolute and unqualified terms of the promise, that the promisor remains responsible for damages, notwithstanding supervening impossibilities. * * * It is no excuse for the nonperformance of a condition that it is impossible for the obligor to fulfill it, the condition being in its nature possible."—Beach

on Modern Law of Contracts, §§ 216, 273; *Jones v. U. S.*, 6 Otto (96 U. S.) 24, 24 L. Ed. 644; *Jones v. Anderson*, 82 Ala. 302, 2 South. 911; *Anderson v. May*, 50 Minn. 280, 52 N. W. 530, 17 L. R. A. 555, 36 Am. St. Rep. 642; *Myers v. Drake*, 10 Watts (Pa.) 110.

(3) But, independent of this consideration, roofing material was in fact delivered by appellant to Thompson, and by Thompson received as in compliance with the terms of sale, and appellant collected the consideration agreed to be paid therefor, including in part, if not in whole, the amount it had agreed to pay as commissions or brokerage to appellee, and it was not within the province of those parties to rescind that transaction or to make a new agreement so as to relieve appellant of liability to appellee without the latter's consent.

(4) It is urged that appellee was guilty of fraud and bad faith, precluding his right to recover, in that he was acting as the agent of both parties, without their mutual knowledge or consent. It is well understood that one may not act as agent or broker for both parties to the transaction without forfeiting his right to compensation, unless it is shown that he did so with the knowledge and consent of both parties.—*Green v. Southern States Lumber Co.*, 163 Ala. 511, 50 South. 917.

(5) There is evidence in the record which tends to show that appellee was in a sense acting for both parties, but it may be reasonably inferred that they were both aware of this fact and impliedly consented thereto. There is evidence tending also to show that appellee had no arrangement whereby he was to receive or did receive compensation except from appellant. Although the testimony may not be altogether convincing and satisfactory, and although the act creating the trial

court directs us to indulge no presumption in favor of the rulings of that court upon the evidence, yet this court should be not unmindful of the fact that the trial court, in having the witnesses in person before it, had better opportunity to determine what weight should be accorded the testimony of the several witnesses.—*Ponder v. Morris,* 152 Ala. 531, 44 South. 651.

(6) It is also insisted by appellant that, by the provisions of the agreement between it and appellee, the brokerage or commission was not to be paid until Thompson had paid appellant in full for the material. It sufficiently appears from the record that sundry payments were made by Thompson on this account, and that finally a full and complete settlement was had between him and appellant, and that the latter had executed and delivered to the former a receipt in full for the demand, in consideration of an assignment or a conveyance of property in trust made by Thompson to or for the benefit of his creditors, including appellant. This likewise was accomplished without the knowledge or consent of appellee, and, in so far as he is concerned, must be treated as full payment by Thompson, although appellant may not in fact have realized out of the property conveyed the full amount of its demand.

(7) It is insisted that the judgment was excessive, and for this error is assigned. It appears that the final settlement between appellant and Thompson was had, and a full release executed about October 29, 1910. It was not until then that appellee's demand matured, and interest should run only from that date. In the judgment, interest was erroneously calculated from the 15th day of January, 1910. The judgment should be, and accordingly is, corrected by reducing it from $724.32 to $688.50.

[Cincinnati, N. O. & T.·P. Ry. Co. v. Vredenburgh Saw Mill Co.]

The record is otherwise free from error, and the judg-ment as corrected is affirmed.

Corrected and affirmed.

NOTE.—This opinion was prepared by Judge CRUM, and was adopted by the court after his retirement.