(91 South. 874)

**AVANT et al. v. AVANT et al.** (5 Div. 806.)

(Supreme Court of Alabama. Dec. 22, 1921.)

1. **Appeal and error** ⬅➡1008(1)—**Decree rendered on oral testimony not disturbed unless plainly wrong.**

A decree rendered on testimony taken orally before the court will not be disturbed unless plainly and palpably wrong.

2. **Courts** ⬅➡106—**Supreme Court will not uselessly discuss evidence in detail.**

In view of Acts 1915, p. 594, the Supreme Court will not discuss the evidence in detail where to do so would serve no useful purpose.

---

**3. Appeal and error ⬤▷198—Appellants in an accounting cannot complain of failure to refer to register in absence of request or necessity therefor.**

Where the parties to an action for an accounting submitted the cause on oral testimony without requesting a reference, and ascertainment of the amount due was a matter of simple calculation, so that no necessity for a reference appeared, complainants cannot complain, on appeal, of the court's failure to refer the matters in issue to the register.

Appeal from Circuit Court, Coosa County; W. L. Longshore, Judge.

Suit by J. G. Avant and others against W. T. Avant and others, to enjoin the foreclosure of a mortgage, to redeem, and for an accounting. From a decree denying relief, complainants appeal. Affirmed.

Felix L. Smith & Son, of Rockford, for appellants.

Injunction should have been granted. 89 Ala. 493, 7 South. 810; 181 Ala. 263, 61 South. 804; 191 Ala. 248, 68 South. 1. An accounting was prayed for, and the court erred in not granting it. Counsel discuss the facts, but without further citation of authority.

Holley & Milner, of Wetumpka, for appellees.

The court may order testimony taken orally, and, when so taken, the finding of the court has the same effect as the verdict of the jury. 199 Ala. 152, 74 South. 62; 200 Ala. 20, 75 South. 332; 200 Ala. 574, 76 South. 932; Acts 1915, p. 705.

GARDNER, J. Appellants executed a mortgage to appellees upon certain real estate which the appellees were proceeding to foreclose, when appellants filed their bill for redemption setting up certain credits and asking an injunction against the foreclosure. The respondents filed answer and cross-bill, denying the credits as claimed by complainants, with the exception of the payment of the sum of $702.61, which respondents insist had already been duly allowed as a credit.

Issues of fact were thus presented for consideration, complainant J. G. Avant testifying to the payment of a note for $150; that he was improperly charged with $210 rent on the "Adams place"; that he rendered services and expended certain sums as shown by his account which should have been credited on the mortgage indebtedness, amounting to the sum of $100; and that the sum of $100 commission due him should also be credited on the mortgage.

Complainant J. G. Avant is a son of D. F. Avant, who died in 1912, and whose will was duly admitted to probate. The respondents are children of W. B. Avant. a son of D. F. Avant, deceased, and who died prior to his father. The heirs and devisees, being of age, executed a power of attorney to J. G. Avant and T. D. Avant (also a son of D. F. Avant, deceased) for the purpose of a division of the estate, and the mortgage executed by J. G. Avant on the lands described in the bill became the property of respondents; and this litigation arises from these circumstances.

The respondents in their answer submit a statement showing the state of the account between the parties. The testimony was heard orally before the court, and the conclusion reached that the account as stated in the answer of respondents was correct, and ascertained therefrom the amount due upon the mortgage, ordering its foreclosure unless the sum so ascertained to be due should be paid within a stipulated time. The testimony of respondents tended to show the $150 was not paid, nor was the $100 commission due complainant, and that he had been given full credit for the $702.61, and that the matter of account for services and any expenditures were for matters not authorized or ratified by them, and for which they were not responsible or chargeable.

[1] The cause presents some few questions, a consideration of which we pretermit, as we are of the opinion the conclusion may well be rested upon the question of the finding of facts by the trial court. It is a well-understood rule that, where the testimony is taken orally before the court, the decree rendered thereon will not be disturbed unless plainly and palpably wrong. Andrews v. Grey, 199 Ala. 152, 74 South. 62, and authorities there cited.

[2] The testimony in this record has been most carefully read and examined. A discussion of the evidence in detail would serve no useful purpose, nor has it been the policy of this court to do so since the passage of the act of 1915 (page 594). Pilcher v. Surles, 202 Ala. 643, 81 South. 585. Suffice it to say, upon a study of this record we are not prepared to disturb the finding of facts as made by the court below.

[3] Counsel for appellants insist that the court should have referred the matters in issue to the register to state the account, but the parties submitted the cause for final decree on oral testimony without any request for a reference by either party, and the court decided the questions of fact in favor of respondents. Accepting this theory of the case, the question of ascertainment of amount due was one of very simple calculation and no necessity for a reference to the register appeared. There is nothing in this, therefore, of which appellants can complain.

We are of the opinion the decree should be affirmed, and it will be so ordered.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.