(108 So. 745)

## ROLLINS v. BYFORD. (8 Div. 760.)

(Supreme Court of Alabama. May 27, 1926.)

Adverse possession ⬤➡︎114(1)—Evidence held to warrant finding of title by adverse possession.

Evidence that disputed land constituted part of grove around defendant's house and part of curtilage, and that under claim of right for more than 20 years defendant used and occupied it as his own by cutting underbrush, trimming trees, removing gravel, and leaving his wagons and tools thereon, held to warrant finding of title by adverse possession in defendant.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Bill in equity by W. H. Byford against Marlin Rollins. From the decree respondent appeals. Affirmed.

Kirk & Rather, of Tuscumbia, and Jas. L. Orman, of Russellville, for appellant.

Travis Williams, of Russellville, for appellee.

Counsel discuss the questions raised, but without citing authorities.

GARDNER, J. This litigation originated in an ejectment suit brought by appellee against appellant for two strips or parcels of land, which suit was transferred to the equity docket upon defendant's motion to that effect, and upon the ground therein stated that the litigation arose over a disputed boundary line. The cause then proceeded to trial as an equity suit for the settlement of disputed boundary lines, resulting in a decree adverse to appellee as to the strip of land in section 7, and favorable to appellee as to the triangular strip in section 18, all in township 17, range 15, Franklin county, Ala.

For a review of the decree as to the triangular strip, this appeal is prosecuted.

We agree with the trial court that as to the triangular tract there is much doubt as to whether in fact a case of disputed boundary line is presented, rather than a case for ejectment trial proper. But, however that may be, the parties have proceeded without objection, and as if by common consent, to the trial of the cause for the determination of the rights of the parties as to this particular property without regard to any matter of procedure, and we will consider the cause accordingly.

We agree with the trial court that the weight of the evidence is to the effect that appellant's deed did not embrace this particular strip of land, nor has he established any right thereto by adverse possession. On the other hand, it would appear the description of appellee's deed is susceptible of a reasonable construction so as to embrace the property here in question. Appellee purchased in 1899, and the deed was promptly and duly recorded, and appellee went into immediate possession. The decided weight of the evidence is to the effect that this particular strip constituted a part of a grove in front of or around appellee's house, and a part of the curtilage of his dwelling; that under claim of right he used and occupied it as his own, making such use of the property of which it was capable, such as cutting underbrush, trimming trees, removing gravel therefrom, leaving his wagons and tools thereon, using it as a shingle yard, and, to quote the witness, "used it constantly the same as I did the grove in front of my house"; that this adverse possession continued for a period of more than 20 years continuously after appellee's purchase, and until 1921, when appellant began to assert rights thereto. We are of the opinion that the decree in appellee's favor may well rest upon the proof of adverse possession. Spragins v. Fitcheard, 206 Ala. 694, 91 So. 793; Hopkins v. Duggar, 204 Ala. 626, 87 So. 103; ·Smith v. Bachus, 201 Ala. 534, 78 So. 888; Ford v. Bradford, 212 Ala. 515, 103 So. 549.

The evidence is voluminous, and a discussion thereof in detail would serve no useful purpose, nor has it been the policy of this court to do so since the passage of the act of 1915 (p. 594). Avant v. Avant, 207 Ala. 46,

---

91 So. 874. Suffice it to say, the evidence has been read and examined with painstaking care, and the conclusion reached that the decree of the court below should not be here disturbed.

Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLer, JJ., concur.