159 So.2d 831

**Jon CARLTON et al. d/b/a Carlton and Karrol,**

v.

**MUSICIANS PROTECTIVE ASSOCIATION, LOCAL NUMBER 479, et al.**

3 Div. 987.

Supreme Court of Alabama.

Oct. 17, 1963.

Rehearing Denied Jan. 30, 1964.

Jones, Murray & Stewart, Montgomery, for appellants.

John P. Kohn and Hugh Maddox, Montgomery, for appellees.

LIVINGSTON, Chief Justice.

Appellants, complainants below, are a husband and wife entertainment duo, specializing in playing songs of many nations and singing in different languages. Because of these talents, they are especially adept at entertaining foreign officers at Maxwell Air Force Base. They came to Maxwell under a union contract which expired when they had been performing there for several weeks. They then entered into a private contract, as distinguished from a union contract, with the officer in charge of the Maxwell Air Force Base Officers' Mess, Lt. Col. Howard Nicholls, to continue performing there. Mr. Carlton, whose real name is Jack Karl, was expelled from respondent union sometime during this period for failure to pay certain union taxes. Mrs. Carlton continued to be a union member for sometime thereafter, but was not a member at the time this suit was brought.

Jon Carlton and Ann Carlton, doing business as Carlton and Karrol, brought suit in the Circuit Court of Montgomery County,

Alabama, in Equity, against Musicians Protective Association, Local Number 479, American Federation of Musicians; American Federation of Musicians of the United States and Canada; M. Cecil Mackey; Howard A. Nicholls; the Officers' Mess, Maxwell Air Force Base, Alabama; John Doe, Respondents.

Appellants alleged that the respondent local and international unions, through their agents, M. Cecil Mackey, Secretary of Montgomery Local No. 479, and Mr. Herman Steinichen, a traveling representative of the international union, conspired together and with the other respondents and coerced Col. Nicholls, Club Officer at Maxwell Air Force Base, to fire the complainants. The bill also sought damages.

On September 27, 1960, a temporary restraining order was issued in this cause by Judge Walter B. Jones of the Montgomery Circuit Court, in Equity, prohibiting respondents from interfering with complainants' rights. On November 22, 1961, after hearing the testimony in the trial of this cause ore tenus, the trial judge issued an order dissolving the temporary restraining order, denying a permanent injunction, and dismissing the bill of complaint. This appeal was perfected from that final order.

There is evidence that both Mr. Mackey and Mr. Steinichen contacted Col. Nicholls and informed him that the Carltons were nonunion performers and that there was a possibility that if he continued to employ them, union bands would be withdrawn from the Officers' Mess. Evidence as to why this was to be done was conflicting. The union has a rule which prohibits members of the union from performing with expelled union members. There was also some evidence to the effect that the union was attempting to compel the Carltons to rejoin the union. Col. Nicholls testified that neither Mr. Mackey nor Mr. Steinichen tried to coerce him, that they were polite, gentlemanly, and did not threaten or insult him in any way. He testified that the substance of what he was told was that he had a choice of using either union or nonunion people, and that he could have used a union band one night and a nonunion band the next, etc., so long as they were not playing at the same time. There was evidence that there were nonunion bands available in the area, but that the union bands were generally better, and it would be almost impossible to operate without using union bands.

There are four assignments of error in the case, one assignment is that the verdict is contrary to law, and the other three, in substance, that it is contrary to the great preponderance of the evidence.

An assignment of error reciting that the verdict and judgment are contrary to law is not sufficient to present any question for review. Bertolla v. Kaiser, 267 Ala. 435, 103 So.2d 736; King v. Jackson, 264 Ala. 339, 87 So.2d 623.

Appellants make no attempt to bring this action under the Alabama right-to-work statutes. Title 26, Sec. 375(1) et seq., Code of Alabama 1940, Recompiled 1958. Instead, from appellants' reply brief, we quote the following:

"Because of the possibility that state civil laws at the time of the cession of the territory—as distinguished from those adopted after the cession—are controlling, Complainants abandoned their attempt to recover under the relative new statutory 'right-to-work' law and now base their argument on the aspects of the Bill seeking recovery under the older 'right-to-work' law recognized by common law protecting one's employment contract from interference, 30 Am.Jur. 84, and the older 'right-to-work' statute, Code of Alabama, Title 26, Section 336, protecting one's right to work against attempts by duress to prevent the lawful exercise of a lawful business. These rights were in existence long before the property which Maxwell Air Force Base now occupies was ceded to the Federal Government."

Under the last-mentioned Code section, any person who, by duress, seeks to prevent

another from doing work or furnishing materials, or from contracting to do work or furnish materials, for or to any person engaged in any lawful business, or in any manner attempts to prevent the peaceable exercise of any lawful industry, business, or calling by any other person, must, on conviction, be punished as required by law.

 This Court held, in the case of Hardie-Tynes Mfg. Co. v. Cruise, 189 Ala. 66, 66 So. 657, that employees may rightfully organize themselves into associations for their mutual protection and betterment, and being thus organized may, by confederated action, withdraw from or refuse to enter the service of a particular employer. In such self-protection, however, they may not employ threats, intimidation or violence against or on employers, employees, or strangers.

As indicated above, different inferences may be drawn from the evidence as to whether there was actionable interference with appellants' right to work.

 It is well settled in this state that on questions of fact, this Court must indulge all reasonable presumptions in favor of the trial court's findings when the evidence was heard ore tenus. Hooper v. Fireman's Fund Ins. Co., 272 Ala. 145, 130 So.2d 3; Sieben v. Torrey, 252 Ala. 675, 42 So.2d 621; Robinson v. State ex rel. James, 212 Ala. 459, 102 So. 693; Avant v. Avant, 207 Ala. 46, 91 So. 874. Further, application for an injunction is addressed to the sound discretion of the court, and an order granting or denying an injunction will not be disturbed unless the discretion of the court was abused. Western Grain Company Cases, 264 Ala. 145, 85 So.2d 395; Madison Limestone Co. v. McDonald, 264 Ala. 295, 87 So. 2d 539.

 We are clear to the conclusion that there was no abuse of discretion on the part of the trial court as to dissolving the temporary injunction and refusing to grant a permanent injunction. If the trial court believed from the evidence that there was

no unlawful interference with appellants' right to work, which he evidently did, there was no error in dismissing the bill.

The cause is due to be, and is, affirmed.

Affirmed.

LAWSON, COLEMAN and HARWOOD, JJ., concur.