214 So.2d 321

**STATE of Alabama ex rel. ATTORNEY GENERAL**

**v.**

**George C. WILKINSON et al.**

**I Div. 439.**

Supreme Court of Alabama.

Aug. 22, 1968.

Rehearing Denied Oct. 3, 1968.

**46**

MacDonald Gallion, Atty. Gen., and John D. Bonham, Asst. Atty. Gen., for appellant.

Jas. R. Owen, Bay Minette, Jas. L. May, Jr., Maurice A. Downing and Edmund R. Cannon, Jr., Mobile, for appellees.

KOHN, Justice.

This action was instituted by the complainant, State of Alabama, by bill to quiet title to a certain piece of land approximately 150 x 215 feet square on the north side of Mobile Bay Causeway. Respondents (appellees) claim their title and interest through a chain of title which originated from a deed executed by the State of Alabama to respondents' predecessors in title, and the respondents further base their title to the land on a deed received from the State of Alabama, pursuant to Title 8, § 248, Code of Alabama, 1940, and the respondents further rely upon the fact that the State of Alabama has recognized the title to said porperty not existing in itself for the reason that it has leased some of the property, including the lot involved on this appeal, by instrument dated October 1, 1945, said lease being to the State of Alabama through the Director of Conservation.

According to the record, by mesne conveyances, title to the property passed to appellee, Southern Guardian Life Insurance Company, by deed from one George C. Wilkinson and wife on August 15, 1963, subject to certain leases.

On January 18, 1967, the trial court rendered its final decree in favor of respondents, which, in effect, held that the State had no right, title or interest in the disputed lot.

On February 17, 1967, the State filed its notice, citation and certificate of appeal from the trial court's final decree.

This case was tried before the court ore tenus. There were witnesses, both lay and professional, together with documentary evidence before the court.

The appellant, State of Alabama, claims, among other things, that the final decree is against the weight and preponderance of the evidence, and that it was not based on the law applicable to the facts. It also claims that the lot in question was not included in the land which respondents held through their chain of title. The appellant further contends that the State owns all submerged and tidelands up to the high tide mark, and any person filling in or building up land below the high tide mark without performing the statutory requirements takes no title thereto. The State further claims that the lot was below the high tide mark, and *was filled in by respondents without securing proper permission from the State*, in order to claim title to artificially created land.

The respondents deny the contentions of appellant as to the land being submerged property, but contend that at the time the State of Alabama made a deed to one Helen R. Meaher, as trustee, through whose chain of title appellees derive their interest, the land was of the same elevation as other

improved land on the causeway, and further that the lot is a portion of the land involved in respondents' chain of title.

We think the following quoted portion of the facts from the appellees' supplementary brief is substantiated by the record:

"The United States of America by Swamp Land Patent No. 5 dated July 11, 1870, conveyed to the State of Alabama 'the whole on island of Fractional Section Twenty-six,' Township 4 South, Range 1 East, together with other lands * * *.

"On January 2, 1872, a patent from the State of Alabama to Charles Le Baron conveyed all of Fractional Section 26, Township 4 South, Range 1 East lying east of Apalachee River, which included subject property. By recorded deeds dated August 27, 1937, Abbie J. Hudson, widow of Ralph N. Hudson, and the Administrator of the latter's estate, conveyed all of Fractional Section 26, Township 4 South, Range 1 East east of Apalachee River (which included subject property) to Augustine Meaher * * *. By recorded deed dated the 12th day of April, 1944, said Administrator and the heirs at law and next of kin of Ralph N. Hudson, conveyed that same described property to Helen R. Meaher, as Trustee under the last will and testament of Augustine Meaher * * *.

"Said Trustee in 1945, leased to the State of Alabama, acting by and through the Director of Conservation, strips of land in the West Half of the Northeast Quarter of said Section 26 * * *. That lease provided that lessee could fill and improve said strips, one of which was 300 feet wide and ran from the north side of the pavement of Bay Bridge Highway northwardly to Lower Gustang Bay. The lessee acknowledged cancellation of that lease in 1953 * * *.

"In 1947 said Fractional Section 26 east of Apalachee River was leased by said Trustee to the State of Alabama, acting by and through the Director of Conservation * * *.

"By recorded deed dated the 14th day of September, 1953, executed by Alabama State Hospitals, the State of Alabama, approved by the then Governor of Alabama, approved by the then State Land Manager attested by the then Secretary of State, with the form thereof approved by an attorney for the Department of Conservation, the property involved in this case, together with other property on U.S. Highway 90 (Mobile Bay Causeway) was conveyed to Helen R. Meaher, as Trustee of the last will and testament of Augustine Meaher, deceased * * *."

Section 248, Title 8, Code of Alabama, supra, through which the respondents also claim by deed executed in 1953, is enumerated in Chapter 5, Title 8, Code of Alabama 1940. This chapter is styled "Supervision of Public Lands." Section 248, supra, reads as follows:

"§ 248. Claims of title to swamp and overflowed lands.—All persons claiming title to any swamp and overflowed lands in this state under any alleged purchase, or through any chain of title, may submit their claims to the director of conservation together with such evidence of purchase or claim, whereupon the director of conservation shall have such claim examined and investigated as he may see fit, and if it be found that the state has parted with its title to such lands in a legal and effective way, the director of conservation shall so determine and shall certify same to the governor and the trustees of the Alabama state hospitals; but if the director of conservation shall determine that the state has not parted with its title to such lands in a legal or effective way, but that equity and justice shall be better served by a settlement with the claimant, he is hereby empowered to settle and adjust such title upon such terms as he may consider just and proper. Upon such adjustment he

48

shall certify such adjustment to the governor and the trustees of the Alabama state hospitals, and the governor shall cause patents to be issued to the claimant, under the seal of the state, to the lands covered by such certificate, and such patent shall vest a fee simple title in the grantee named in such patent."

The validity or constitutionality of this section of Title 8, supra, is not at issue. In summary, the issue may be stated as follows: A citizen having apparent title through a chain of title derived from the United States Government through the State of Alabama, desiring to have any possible cloud removed from the title, avails himself of § 248 of Title 8, supra, where the following language is used: " * * * shall vest a fee simple title in the grantee named in such patent."

▪ Subsequently, the respondents perfected their title to the lot, pursuant to § 248, Title 8, supra. We do not think that the State of Alabama should prevail in its action as we find nothing from the facts or the law from which a reversal of the trial court's decree would be warranted.

We do not think Title 38, § 122, Code of Alabama, 1940, as argued by appellant, plays any part on this appeal under the facts.

Furthermore, the State of Alabama, coming into equity court, should not be allowed, as the evidence discloses, to recognize an existing title by actually carrying on lease transactions with the owner, then later confirm the title in fee simple pursuant to a statute, and later come into a court of equity and deny its own actions, so to speak, by saying that the person or persons whom it has recognized to be the owners of the lot now do not own it, fraud not being an issue in the case.

We hold from the evidence that the appellant, State of Alabama, complainant below, has no right, title or claim to this particular lot, and that the State is further bound by the deed of 1953, pursuant to Title 8, § 248, supra. Carter v. Doe ex dem. Chaudron, 21 Ala. 72; State ex rel. Attorney General v. Alabama Power Company, 176 Ala. 620, 58 So. 462.

▪ The trial below was ore tenus without a jury in the equity court, and the decree of the chancellor should be allowed to stand unless plainly and palpably wrong. We find nothing in the record that would disclose that the decree of the trial court was plainly or palpably wrong. Wilfe v. Waller, 263 Ala. 110, 81 So.2d 614; Stewart v. Childress, 269 Ala. 87, 111 So.2d 8; King v. King, 269 Ala. 468, 114 So.2d 145; Barry v. Thomas, 273 Ala. 527, 142 So.2d 918; Carlton v. Musicians Protective Association, Local No. 479, 276 Ala. 128, 159 So.2d 831.

▪ We also hold that the State of Alabama had every right to convey under the supervision of the public lands act, Title 8, § 248, supra. There were no averments in the bill of complaint below averring any bad faith or wrong doing on the part of respondents (appellees).

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.