ADAMS, Justice.
The plaintiffs appealed from an order dissolving a temporary restraining order and from the trial court’s refusal to grant a permanent injunction enjoining the defendant, Rosemary A. Hicks, from opening a strip of property by clearing the timber from it. That strip of property runs between the lands of the two sets of plaintiffs and leads to the defendant’s land; it is presently not used as a road, but is part of and at the end of a strip of land designated in the parties’ deeds as a road. We affirm.
If this portion is cleared, the westernmost 50 feet of the land designated in the deeds as a road would become usable, thereby providing a 30-foot-wide access to Hicks’s property. The trial court issued a temporary restraining order preventing Hicks from opening this 50-foot strip, in response to the plaintiffs’ action seeking a permanent injunction against Hicks. At the final hearing the trial court held that the plaintiffs had failed to meet their burden of proof of showing that the disputed area was not a public road. Consequently, it dissolved the temporary restraining order.
The issue is whether the trial court erred in finding that the controverted strip of land is part of a public road.
At the outset, we note that an order granting or denying an injunction will not be disturbed on appeal absent an abuse of discretion. Carlton v. Musicians Protective Ass’n Local No. 479, 276 Ala. 128, 159 So.2d 831 (1963). The plaintiffs argue that since no statutes, or prescriptive rights are at issue, our decision should turn on the common law notions of dedication and acceptance of property. We agree and observe that in order to make a common law dedication, the owner of property must express an intention to dedicate the property. Also, there must be an acceptance of the dedicated property by the public or by an authorized person or body of persons acting in its behalf. Trustees of Howard College v. McNabb, 288 Ala. 564, 263 So.2d 664 (1972). In the instant case none of the plaintiffs claims an ownership interest in the land. The common grantors of the plaintiffs and the defendant indicated in their deeds to these litigants an intention to dedicate the land in question for use as part of a road. Except for the controverted 50-foot strip, the “unnamed road” has been employed for public use; public use implies an acceptance. Vestavia Hills *232 Board of Education v. Utz, 530 So.2d 1378 (Ala.1988). This Court has previously held:
[I]t is immaterial whether the street in question had been opened and used all its length through or not. The defendants purchased their lots in full recognition of its existence as a public street, or municipal highway, liable to be opened and used as such whenever the growing demands of an increased population and commerce might require it. They are estopped now to deny to it this character, upon the plainest principles of justice and right.
City of Demopolis v. Webb, 87 Ala. 659, 665, 6 So. 408, 410 (1888).
In light of the foregoing, the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.