151 So. 880

## LIFE & CASUALTY INS. CO. OF TENNESSEE v. WOMACK.

### 8 Div. 553.

Supreme Court of Alabama.

Dec. 1, 1933.

Rehearing Denied Jan. 18, 1934.

Moreau P. Estes, of Nashville, Tenn., for petitioner.

Fred S. Parnell, of Florence, opposed.

BOULDIN, Justice.

In this cause the respondent moves to strike from the petition for certiorari some ten pages purporting to set out the evidence presented on the trial of the cause in the court below.

That the Court of Appeals is an appellate court, and that a review of its decisions by certiorari in this court is limited to questions of law, which may include misapplication of the law to the facts as found by that court from the record before it, has been too firmly established to call for further discussion or citation of cases. This court looks to the opinion of the Court of Appeals alone for findings of fact. It follows that recitals of the evidence found in the record in that court have no place in a petition for certiorari to this court. The motion of respondent to strike these pages from the petition is granted.

Assignment of error No. 1, considered by the Court of Appeals, and presented in the petition for certiorari, reads: "There is no evidence to support the verdict and judgment of the Lower Court."

Appellate courts review only questions reserved on the trial, and reverse the lower court only for errors of the court to the prejudice of appellant. The assignment above quoted alleges no error in the trial court. As well known, our statute forbids the trial court giving the jury any charge on the effect of the evidence except upon request in writing. The assignment does not allege error for failure to give any such charge, nor for failure to grant a motion for new trial.

Petitioner, in argument, seems to contend that, when there is no evidence to support a verdict, it is the duty of appellate courts to so declare, and that a failure to reverse or vacate such a judgment is a denial of due process of law under the Fourteenth Amendment of the Federal Constitution. Such position is untenable. It would strike down the entire system of appellate courts, a part of our constitutional system of government. Due process of law is provided when the party is given full opportunity to present the questions of law and fact in the trial court, with the right to reserve questions for review, and have them reviewed by the appellate courts. All this is provided for by law in an orderly administration of justice.

Petitioner further insists defendant's refused charges 1, 2, 3, 4, and 6 were, in effect, affirmative charges for defendant, and should have been so treated by the Court of Appeals. These charges cannot be so construed. They definitely submit to the jury the issue of sound health of the insured when the policy was delivered. The Court of Appeals correctly held they were covered by the oral charge and given charge 5.

Motion to strike granted; writ denied.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.