103 So.2d 736

**Angelo F. BERTOLLA et al., d/b/a A. Bertolla & Sons**

**v.**

**Paul KAISER, Jr.**

**1 Div. 640.**

Supreme Court of Alabama.

May 29, 1958.

Beebe & Swearingen, Bay Minette, and Hill, Hill, Stovall & Carter, Montgomery, for appellants.

Chason & Stone, Bay Minette, for appellee.

COLEMAN, Justice.

Appellee sued appellants and recovered a verdict and judgment thereon. We hereinafter refer to the parties as plaintiff and defendants. Defendants have appealed.

The case arose out of an alleged breach of an agreement relating to the purchase of Irish potatoes. Plaintiff had agreed to purchase potatoes from the producers at the prevailing price, or at a price fixed by defendants, and to sell and deliver the potatoes so purchased to the defendants, who agreed to pay plaintiff a stipulated commission or profit. Plaintiff alleges that he purchased certain potatoes in accordance with the agreement and delivered the same to defendants, but that defendants refused to pay the full price according to the agreement. Plaintiff sues for the unpaid balance allegedly due.

The amended complaint sets out plaintiff's claim in four counts. Count One is for money due on account, and Count Two is for money paid by plaintiff for defendants at their request, both counts being in Code form. Title 7, § 223(10). Counts Three and Four claim or breach of an alleged contract whereby plaintiff agreed to purchase potatoes from the producers thereof and to sell said potatoes to defendants who agreed to purchase the same from plaintiff, all according to the terms of the alleged agreement.

The potatoes in suit, are alleged to be those bought by plaintiff during the period from May 31, 1954, to June 7, 1954, both dates inclusive. Plaintiff alleges that he bought for and delivered to defendants, potatoes in the amount of $37,009.55, including his costs and commissions due from defendants, and that defendants have paid plaintiff $20,676.25, but owe and refuse to pay the balance of $16,333.30, for which plaintiff asks judgment.

In Count Three, plaintiff alleges the amount, $37,009.55, to be according to "the prevailing market price," and in Count Four, said amount is alleged to be according to "the price * * * as fixed by the Defendants."

The parties pleaded at length. Demurrers were interposed at each step, and, after amendment of the respective pleadings to which they were directed, all demurrers were overruled. There is no assignment of error as to pleadings.

An issue of fact was developed as follows: To the complaint, defendants filed pleas of the general issue, payment, accord and satisfaction, and setoff. The latter pleas, as stated in defendants' brief, charge that "plaintiff made false representations to defendants concerning the grade of potatoes, that defendants believed and acted upon said false representations, received the potatoes, and then paid plaintiff for the potatoes in full at the prevailing price for 'unclassified' potatoes; 'unclassified' being the true grade of the potatoes (T–22). Defendants further pleaded that plaintiff had falsely and fraudulently represented the potatoes to be of 'commercial' grade when they were in fact 'unclassified.'" From the record, it appears that "unclassified" potatoes are usually of less value than "commercial" potatoes.

To the pleas, plaintiff replied, 1, the general issue, and 2, plaintiff admitted that a substantial part of the potatoes in suit were not "commercial" grade but were "unclassified." In avoidance of this admission, however, plaintiff replied further that he had notified defendants of the fact that the potatoes were "unclassified," whereupon

"the Defendants, acting by and through Mike Juliana, as their agent, servant or employee, while acting within the line and scope of his employment as such, told the Plaintiff to pay commercial prices for all potatoes received by him which, because of internal discoloration, were graded as unclassified and that the Plaintiff did pay for said potatoes the price then prevailing for commercial potatoes and in accordance with an arrangement made with the Defendants."

To replication 2, defendants rejoined that "The matters therein alleged are untrue."

On the issue of fact made by the pleadings, that is, whether or not Mike Guliani authorized plaintiff to pay the higher price for the less valuable potatoes, the evidence is in sharp conflict. Plaintiff testified that he was so authorized, but Guliani flatly denied that he had ever authorized plaintiff to pay such price. The jury, by its verdict, resolved the issue in favor of the plaintiff. No requested charge or motion for new trial appears in the record. The assignments of error presenting a question for review relate to rulings on admission and rejection of evidence.

*Assignments of Error 1 to 9.*

■ Assignment of error 1 recites:

"1. The verdict and judgment are contrary to the law and the evidence."

Assignments 2 through 9 are to like effect. Such assignments are not sufficient to present any question for our review. King v. Jackson, 264 Ala. 339, 87 So.2d 623; Supreme Court Rule 1, Code 1940, Tit. 7 Appendix.

*Assignments of Error 10 and 16.*

Assignment 10 recites:

"10. The Court erred in overruling defendants' objection to the plaintiff's testimony as to the price paid by him for potatoes.",

and Assignment 16 recites:

"16. The Court erred in denying defendants' motion to exclude testimony of the plaintiff that he paid commercial price for the potatoes, the plaintiff having testified that he paid for the same by check."

These assignments are argued together to the effect, as stated in appellants' brief, that: "Where the price actually paid for an article becomes an issue in a case, oral testimony should not be allowed where the payments were made by checks and the checks are available."

The record referred to in support of Assignment 16 recites as follows:

"Mr. Beebe: May it please the Court, we move to exclude the testimony of the Plaintiff that he paid commercial prices for these potatoes, because it shows that the payment was made by check and the checks are the best evidence and his testimony as to that is inadmissible.

"Mr. Stone: He is objecting to his own testimony, because he is the one that asked the questions.

"The Court: You mean to say that a man can't testify from memory, and the check is the best evidence from this man himself?

"Mr. Beebe: Yes.

"The Court: Deny your motion.

"Mr. Beebe: We except."

■ Defendants' argument, as appears from their answer to the trial court, is in substance, that parol evidence of the payment of money is not admissible where written evidence of such payment exists, unless the absence of the written evidence is first accounted for. Such is not the law as we understand it. As early as 1843, this court said:

"In the case of Keene v. Meade, 3 Pet. [1,] 7 and 8 [7 L.Ed. 581] a wit-

ness proved a payment of $250 for the plaintiff, and stated that the defendant made the entry on the plaintiff's rough cash book himself, writing his name at full length. The witness fully proved the payment of the money, but the defendant objected to such proof as written evidence of the payment existed and should be produced. Mr. Justice Thompson, in delivering the opinion of the court, remarked, among other things: 'This objection we think not well founded. The evidence of the advance made by the defendant himself under the circumstances stated, cannot be considered better evidence, within the sense and meaning of the rule on that subject, than proof of the actual payment.' Again, he remarked, 'it cannot be laid down as a universal rule, that when written evidence of a fact exists, all parol evidence of the same fact must be excluded. Suppose the defendant had written a letter to the plaintiff, acknowledging the receipt of the money, it certainly could not be pretended, that the production of the letter would be indispensable, and exclude all parol evidence of the advance, and yet it would be written evidence.'

"In the case of the administrator of Wiggins' [Adm'rs] v. Administrator of Pryor, 3 Port. 430, this doctrine was fully recognized. In that case a witness in deposing to the payment of the amount of a note, spoke of a receipt having been given. It was objected that parol evidence of the payment could not be given; that the receipt must be produced, or its absence accounted for. But this court held, that there was no error, and fully recognized the competency of the parol evidence of the payment. See, also [Sally's Adm'rs v. Capps] 1 Ala. 121." Planters' & Merchants' Bank of Mobile v. Borland, 5 Ala. 531, 544, 545.

In the instant case, the contents of a check or checks was not the matter in issue. The fact of payment for the potatoes and the amount paid was the matter in issue. If plaintiff knew that payment in a certain amount had been made, then his testimony as to that fact was properly admitted without producing the checks or accounting for their absence. Assignments 10 and 16 are without merit.

### Assignments of Error 11, 13, 14, 15 and 17.

Defendants argue in bulk these assignments which complain of the action of the trial court in sustaining objections to questions propounded to the plaintiff and sustaining objections to the use of plaintiff's records, to show "the amounts of potatoes involved that he (plaintiff) had purchased for the Bertollas, and the amounts which he had grown and which he owned and *which he had not,* even under his original contentions, *purchased for the Bertollas* at the 'prevailing price.'" (Parentheses added.)

As we understand the defendants' argument, they do not contend that plaintiff failed to deliver the quantity of potatoes claimed to have been bought for defendants. By their pleadings, defendants contended that the potatoes delivered were not of the quality represented. At the trial, defendants sought to examine plaintiff's records, not for the purpose of showing that quality had been misrepresented, but to show that the potatoes, or some of them, had been grown by plaintiff and had not been purchased by him from other growers. We are of opinion that the trial court did not err in limiting defendants' cross-examination of plaintiff and his records, and we will set forth our reasons for so holding.

Defendants insist that the action of the court in sustaining these objections amounted to an unreasonable and erroneous limitation of defendants' right of cross-examination and that the testimony sought to be elicited was material on two grounds.

First, defendants say that such testimony was material to contradict plaintiff's testi-

mony on direct examination that he had purchased the potatoes in question.

Assignment 17 recites as follows:

"17. The Court erred in sustaining plaintiff's objection to the question addressed by the defendant to the plaintiff, quote: 'Were any of those your potatoes?'"

The question here objected to was the last question propounded to plaintiff on cross-examination before plaintiff rested. The record shows that earlier in cross-examination of plaintiff he had testified as follows:

"Q. Were these potatoes that are in question here, or any part of them potatoes grown by you?

"Mr. Chason: We object.

"The Court: Overrule the objection.

"Mr. Chason: We except.

"A. Yes sir."

Prior to the question propounded to plaintiff in Assignment 17, he had already further testified that in 1954 he had grown "about 125 acres" of potatoes, that he harvested those potatoes starting the last day of April or the first of May and continued all through the shipping season, and that he sold them all to the defendants. From this testimony by plaintiff, the fact had already been clearly shown to the jury that some of the potatoes in question were potatoes grown by plaintiff.

■ The question in Assignment 17 to which objection was sustained, had already previously been answered by the witness. The rule is well-established that the trial court will not be reversed for sustaining objection to a question where the answer sought to be elicited is already in evidence. Stewart v. Weaver, 264 Ala. 286, 87 So. 2d 548; Ala.Dig., Appeal and Error, ☞1057(1). Assignment 17 is clearly without merit.

■ Assignments 11, 13, 14 and 15 being argued in bulk with 17, and 17 being without merit, the others argued with it are not entitled to be considered. Stewart v. Weaver, supra; Ala.Dig., Appeal and Error, ☞736.

Secondly, defendants argue that evidence that plaintiff sold his own potatoes to his principal when plaintiff was under contract to purchase potatoes for his principal, is such fraud as gives defendants the right to setoff or recoup for damages sustained by reason of such breach of fiduciary duty on the part of plaintiff. Therefore, say defendants, they were erroneously deprived of the right to cross-examine plaintiff and his records to show this breach of duty.

While it may be that under pleadings properly presenting that issue, defendants would be entitled to defend on the ground of the fraud of the plaintiff in selling his own property to his principal without full disclosure of facts to the principal, we are of opinion that such fraud is not in issue in this case.

By their special pleas, defendants sought to defend on the fraud of plaintiff in misrepresenting the grade or quality of the potatoes delivered to defendants. Defendants now insist that the trial court erred in sustaining objections to questions seeking proof, not of the fraud pleaded, but of a different fraud, which was not pleaded, unless that was done by the plea of the general issue.

We have not found or been cited to any case on this precise point. In Long-Lewis Hardware Co. v. Ewing, 8 Ala.App. 657, 62 So. 341, relied on by defendants, the Court of Appeals held that "Great latitude and a broad range of inquiry should be allowed in the cross-examination of witnesses and in the introduction of evidence when the issues involve proof of the existence of fraud." and reversed the judgment appealed from because "* * * the trial court did not observe this rule of law * * *."

In the Ewing case, supra, however, there were two special pleas to the effect that plaintiff was guilty of fraud in representing both buyer and seller without their mutual knowledge. Cross-examination on the issues made by those special pleas was clearly due the defendant.

In the instant case, defendants' special pleas made an issue of the alleged fraud of plaintiff in misrepresenting the grade of potatoes, and cross-examination on that issue was not due to be unduly limited and, indeed, defendants do not complain that it was.

The complaint here is that cross-examination was erroneously limited on an issue, which was not, as we think, presented by the plea of the general issue. The following rule has been stated:

"* * * Although it appears that early common-law .practice permitted fraud, whether in the execution or the inducement of the instrument sued on, to be proved under the general issue, such rule has been changed in most jurisdictions by the adoption of practice acts under which the prevailing rule is that fraud asserted as an affirmative defense, as where it is relied upon in avoidance, must be pleaded specially in order that evidence thereof be admissible. * * *" 24 Am.Jur., Fraud and Deceit, § 252, page 83.

In Alabama, the practice act recites in pertinent part as follows:

"The defendant may plead more pleas than one without unnecessary repetition; and, if he does not rely solely on a denial of the plaintiff's cause of action, must plead specially the matter of defense. * * * in all other actions *the general issue* is an averment that the allegations of the complaint are untrue, and except as may be otherwise provided, *puts in issue only the truth of such allega-*

*tions.*" (Emphasis supplied.) Title 7, § 225, Code 1940.

Under that statute, this court has held that the following defenses, among others, cannot be proven under the general issue, but must be specially pleaded, namely: justification and self-defense in assault and battery, Lunsford v. Walker, 93 Ala. 36, 8 So. 386; setoff, Odum v. Rutledge &. Julian Railroad Co., 94 Ala. 488, 10 So. 222; contributory negligence, Kansas City, Memphis & Birmingham R. Co. v. Crocker, 95 Ala. 412, 11 So. 262; breach of an agreement to manufacture like the model, Acme Machine & Welding Co. v. Home Industry Iron Works, 223 Ala. 248, 135 So. 183.

The defense of fraud in that plaintiff sold his own potatoes to defendants admits that plaintiff sold certain potatoes to defendants, but denies plaintiff's right to recover because the potatoes sold were the property of plaintiff. The defense of the general issue denies that plaintiff sold any potatoes to defendants. "The same words cannot at once be a denial and an admission of the same thing." Kansas City, Memphis & Birmingham R. Co. v. Crocker, supra [95 Ala. 412, 11 So. 267]. "It is a sound rule in pleading that matter which goes to the complete justification of the charge must be specially pleaded in order that the plaintiff may be prepared to meet it, and cannot be given in evidence under the general issue. 2 Greenleaf on Ev. § 274." Lunsford v. Walker, supra [93 Ala. 36, 8 So. 388].

As to pleading a defense of fraud, this court said long ago:

"* * * 'Fraud is a conclusion of law from facts stated and proved. When it is pleaded, at law, or in equity, the facts out of which it is supposed to arise must be stated; a mere general averment, without such facts, is not sufficient. The court can not, on such averment, pronounce judgment.' * * *" Phoenix Insurance Co. v.

Moog, 78 Ala. 284, 301; see, also, National Surety Co. v. Julian, 227 Ala. 472, 150 So. 474.

■ If the pleader is to be allowed to allege one fraud, but to prove another and different fraud, then the opposite party will not know what fraud he is called on to defend against and will not have notice that he should be prepared to meet it. For the reasons stated, we are of opinion that the court did not err in sustaining objections to questions designed to produce evidence which would be material only because it tends to prove a defense of fraud that was not pleaded.

### Assignment of Error 12.

Assignment 12 recites as follows:

"12. The Court erred in sustaining plaintiff's objection to defendants' question directed to the plaintiff, quote: 'Where are the checks?'"

Before asking plaintiff "Where are the checks?", defendants had inquired of plaintiff, "Do you have those checks with you?", to which plaintiff had answered, "No, sir."

The relevancy of the whereabouts of the checks does not appear. In support of the impropriety of sustaining objection to the question, "Where are the checks?", defendants stated to the trial court: "Did he pay it? He said he paid it by check. The check is the best evidence."

What we have said with reference to Assignments 10 and 16 sufficiently answers the contention of defendants thus presented to the trial court with respect to Assignment 12.

■ In the absence of proper motion or subpoena duces tecum to produce the checks, we are unable to understand how defendants could be injured by sustaining objection to the question inquiring as to the whereabouts of the checks, and are of opinion that such ruling, if error, was not injurious to defendants.

### Assignment of Error 18.

■ Defendants' argument with reference to Assignment 18 consists merely of the following statement:

"It was also error for the Court to refuse to allow the witness Hoffman to testify to loss on the potatoes by the Bertollas, there being alleged an agreement for sharing of the profits (Assignment of Error 18)."

This statement is merely a repetition of the assignment of error and does not amount to argument sufficient to invite review of such assignment. Whitt v. Forbes, 258 Ala. 580, 64 So.2d 77; Ala.Dig., Appeal and Error, ☞758(3).

### Assignment of Error 19.

Assignment 19 recites:

"19. The Court erred in sustaining plaintiff's objection to defendants' question to witness L. Irwin, quote: 'What was the price paid by you?'"

Plaintiff objected on the ground " * * that it is not in rebuttal of anything that we have brought out." Before this question was asked, the witness Irwin had testified that he was a potato buyer at Foley in 1954, and had stated definitely that he did not know the prevailing price paid for potatoes by other buyers, but that he knew what price he, Irwin, paid.

This question was asked near the close of the trial. The plaintiff had presented his case and rested, defendants had presented testimony and rested, plaintiff had presented rebuttal testimony and rested, and then defendants offered the testimony of Irwin, and asked the question which was objected to.

Defendants argue that the testimony of Irwin as to the price he paid was relevant and competent to prove the prevailing price which was in issue. Defendants' contention may be correct, but as to that we do not decide.

The rule is well-established that "* * * the acceptance or rejection of evidence not strictly in rebuttal is within the sound discretion of the trial court." Sieben v. Torrey, 252 Ala. 675, 677, 42 So.2d 621, 623, and authorities there cited.

The information sought to be elicited by the question objected to was not in rebuttal of any evidence offered by plaintiff, and sustaining objection thereto was not error.

No error being shown, the judgment appealed from is due to be and is affirmed.

Affirmed.

LAWSON, GOODWIN and MERRILL, JJ., concur.