149 So.2d 809

**Lillian W. THOMAS**

v.

**Max BROOK.**

1 Div. 894.

Supreme Court of Alabama.

Feb. 7, 1963.

Holberg, Tully, Hodnette & Mobley, Mobile, for appellant.

Willis C. Darby, Jr., and Vincent F. Kilborn, Mobile, for appellee.

COLEMAN, Justice.

This is an appeal by plaintiff from a judgment for defendant rendered by the court without a jury in an action at law.

The first assignment of error recites:

"1. The court erred in failing to grant Appellants' motion for a new trial."

When the record does not disclose the fact assumed as a ground of an assignment of error, such ground for error cannot be considered on appeal. Davis & Company v. Thomas, 154 Ala. 279, 45 So. 897; White v. State, 262 Ala. 694, 81 So. 2d 267.

The record does not disclose a motion for new trial or judgment overruling such motion. Consequently, Assignment 1 is without foundation and presents nothing for review.

Assignment 2 recites:

"2. For that the judgment of the court entered on February 1, 1960 is contrary to the great weight of the evidence."

Appellate courts review only questions reserved on the trial and reverse the trial court only for errors of the court to the prejudice of appellant. Life & Casualty Ins. Co. of Tennessee v. Womack, 228 Ala. 70, 151 So. 880.

In assigning errors, the appellant must specify the action of the trial court of which he would have review and revision. Kinnon v. Louisville & Nashville R. Co., 187 Ala. 480, 482, 65 So. 397; Wetzel v. Hobbs, 249 Ala. 434, 31 So.2d 639.

This court has held insufficient to present anything for review an assignment that " '5. The verdict of the jury and the judgment entered thereon are contrary to the great weight and preponderance of the evidence.' " King v. Jackson, 264 Ala. 339, 341, 87 So.2d 623.

This court has also held that an assignment that, " 'There is no evidence to support the verdict and judgment of the Lower Court,' " alleged no error in the trial court. Life & Casualty Ins. Co. of Tennessee v. Womack, supra, 228 Ala. at page 71, 151 So. 880.

Assignment 2 in the instant case alleges no error in the trial court and is insufficient to present any question for review.

Assignment 3 recites:

"3. For that the judgment of the court in favor of the defendant entered on February 1 1960 is contrary to the law in this case."

Such an assignment of error raises nothing for review. Baldwin, Alabama Truck Farms Co. v. Strode, 184 Ala. 213, 63 So. 521; Thompson v. State, 267 Ala. 22, 99 So.2d 198; Bertolla v. Kaiser, 267 Ala. 435, 103 So.2d 736; McLaney v. Turner, 267 Ala. 588, 104 So.2d 315.

The assignments of error are without merit and the judgment is due to be affirmed.

Affirmed.

LAWSON, GOODWYN, and HARWOOD, JJ., concur.