168 So.2d 619

R. T. ANDREWS, d/b/a Andrews Sheet Metal Shop,

v.

O. H. MAY et al., d/b/a May Supply Company.

1 Div. 240.

Supreme Court of Alabama.

Nov. 5, 1964.

Mayer W. Perloff, Mobile, for appellant.

Moody & Higgins, Mobile, for appellees.

MERRILL, Justice.

This appeal is from "the judgment of the Circuit Court of Mobile County, Alabama, rendered on April 8, 1964, and from the judgment of said Court denying the motion for new trial which was entered on April 17, 1964."

The judgment on April 8 was actually two judgments, one for the appellees for $4,365.47 in a suit on an account, and the other a judgment for appellant for $800 on a plea of recoupment.

The assignments of error are:

"1. The judgment of the Court is contrary to the law of the case.

"2. The Court erred in denying the motion for a new trial.

"3. The judgment entered by the Court is contrary to the law.

"4. The verdict of the jury is contrary to the law."

Assignments 1 and 4 have been held repeatedly to be without merit and to present nothing for review. Thomas v. Brook, 274 Ala. 462, 149 So.2d 809; Roan v. Smith, 272 Ala. 538, 133 So.2d 224; Morris v. Yancey, 272 Ala. 549, 132 So.2d 754; Bertolla & Sons v. Kaiser, 267 Ala. 435, 103 So.2d 736; Ex parte Noble, 267 Ala. 488, 102 So.2d 902; Thompson v. State, 267 Ala. 22, 99 So.2d 198; King v. Jackson, 264 Ala. 339, 87 So.2d 623.

Assignments of error 2, 3 and 4 are argued together and since assignment 4 is

without merit; and the other two are not related to No. 4, they must fall before the rule that where unrelated assignments of error are argued together and one is without merit, the others will not be considered. N.A.A.C.P. v. State, 274 Ala. 544, 150 So.2d 677, and cases there cited.

■ Assignment No. 2 is, on its face, a proper assignment of error, and we have said that where the overruling of a motion for new trial is assigned as error, all questions of law and fact sufficiently set forth in the motion and argued on appeal are presented to this court for consideration. Mulkin v. McDonough Construction Co. of Georgia, 266 Ala. 281, 95 So.2d 921. This rule cannot help appellant here. The motion for a new trial contains eight grounds, six dealing with the verdict and two with the conduct of the jury or jurors. But the record before us does not contain a transcript of the evidence or any reference to any misconduct of the jury, so the overruling of the motion for new trial did not present anything for review in this court, and assignment of error 2 is also without merit.

■ In assigning errors, the appellant must specify the action of the trial court which he would have reviewed and revised, Thomas v. Brook, 274 Ala. 462, 149 So.2d 809; and only adverse rulings of the trial court are subject to an assignment of error and reviewable on appeal, Central of Georgia Ry. Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290. Under the assignments of error in the instant case, and since unrelated assignments without merit were argued in bulk, nothing concerning the judgment of the court is presented for our review on the merits.

■ As already stated, the jury brought in separate verdicts, one for plaintiffs for $4,365.47, and one for defendant for $800 on his plea of recoupment, and separate judgments were entered on each of the verdicts. After the motion for new trial was overruled and the cause was appealed, counsel for appellant devised an ingenious plan to require appellees to pay appellant's attorney's fee. No supersedeas bond was filed when the cause was appealed, and counsel for appellant filed a petition to intervene, alleging that he had "issued out a garnishment to enforce" the judgment of $800 in favor of his client on the plea of recoupment, and he claimed a lien for his attorney's fee. The trial court granted the petition to intervene.

Following this, appellees filed a motion in this court requesting us to set off appellant's $800 judgment against appellees' judgment for $4,365.47 under Tit. 7, § 353, Code 1940, which provides: "Judgments may be set off against each other by a court of record on motion."

These two judgments, one for the plaintiffs, and the other against them, can and should be set off, one against the other, pro tanto under § 353 since they were both for the payment of money. Goodwin v. Georgia Loan & Trust Co., 202 Ala. 655, 81 So. 611. But we think this matter is more properly one for the trial court and, for that reason, the cause is remanded to that court for the purpose of setting off the judgments, provided appellees file a motion for such action within thirty days after remandment.

Both sides devote argument in brief to appellant's counsel's petition for intervention. That proceeding took place in the trial court after appeal to this court and neither side has assigned any action of the court concerning it as error. Nothing on this question is presented for our review, but it will probably become moot when and if the judgments are set off against each other.

The judgment of the trial court is affirmed on the merits and the cause is remanded for the filing in that court by appellees of a motion under Tit. 7, § 353, within thirty days if they care so to do.

Affirmed in part and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.