176 So.2d 481

Roy V. DOUGHTY

v.

CITY OF FAYETTE et al.

6 Div. 74.

Supreme Court of Alabama.

June 17, 1965.

G. H. Downing, Vernon, for appellant.

David McKay Enslen, Nolen & Enslen, Fayette, and Martin, Balch, Bingham & Hawthorne, Birmingham, for appellees.

COLEMAN, Justice.

█ Appellant argues in brief that we should reverse the trial court because it erred in denying appellant's motion for new trial on the ground that the verdict was not sustained by the great preponderance of the evidence, but the ruling of the trial court on the motion for new trial is not before us because there is no assignment of error which asserts that the court erred in denying appellant's motion for new trial.

█ Appellant appears to consider that the assignments of error are sufficient to present for review the trial court's action in ruling on the motion for new trial, but the assignments are not adequate for this purpose. The holdings of this court are to the effect that such assignments present nothing for review because they do not allege error for failure to grant the motion for new trial or for any other ruling of the trial court.

█ In assigning errors, the appellant must specify the action of the trial court of which he would have review and revision. Kinnon v. Louisville & N. R. Co., 187 Ala. 480, 65 So. 397; Thomas v. Brook, 274 Ala. 462, 149 So.2d 809.

One of the appellees calls to our attention certain decisions of this court holding that

the instant assignments are too general and cannot be considered.

There are six assignments in the instant case. The first is:

"1. For that the verdice of the jury is contrary to law."

This assignment is substantially the same as assignment 3, which was held insufficient in King v. Jackson, 264 Ala. 339, 87 So.2d 623, and assignment 2, held insufficient in Mulkin v. McDonough Construction Co. of Ga., 266 Ala. 281, 95 So.2d 921.

The second assignment is:

"2. For that the verdict of the jury is contrary to the law and evidence in the case."

This is substantially the same as assignment 1 which was disapproved in King v. Jackson, supra.

The third assignment is:

"3. For. that the verdict of the jury is not sustained by the great preponderance of the evidence and is contrary to both the law and the facts in the case."

Assignment 3 in the instant case is a combination of assignments 2, 3, and 4 in King v. Jackson, supra, wherein each of them was held insufficient. We are of opinion that the combination of them in instant assignment 3 remains insufficient because no action of the trial court is specified as error.

The fourth assignment is:

"4. For that the verdict of the jury is contrary to the evidence."

Assignment 4 is substantially the same as assignment 1 which was held insufficient in the Mulkin case, supra.

The fifth assignment is:

"5. For that the verdict of the jury is contrary to the facts in the case."

Assignment 5 is substantially the same as assignment 4 held inadequate in King v. Jackson, supra.

The sixth assignment is:

"6. For that the verdict of the jury and the judgment entered thereon are contrary to the great weight and preponderance of the evidence in the case."

Assignment 6 is also insufficient. See assignment 5 in King v. Jackson, supra; and assignment 2 in Thomas v. Brook, supra.

The evidence as set out in the briefs has been noted. To set it out here would serve no useful purpose. We are not persuaded, however, that the verdict is contrary to the great preponderance of the evidence, although affirmance does not rest on our view as to the sufficiency of the evidence.

■ The City of Fayette, one of the appellees, cross-assigns as errors certain rulings on pleadings. Since the verdict and judgment are in favor of appellees, the rulings complained of in the cross-assignments, even if erroneous, are without injury to appellees.

Because none of the assignments or cross-assignments of error is sufficient to require a review of the judgment appealed from, it is due to be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.