202 So.2d 714

**STATE of Alabama**

**v.**

**Samuel C. YOUNG et al.**

**I Div. 435.**

Supreme Court of Alabama.

Aug. 24, 1967.

Kenneth Cooper, Sp. Asst. Atty. Gen., Bay Minette, for appellant.

E. G. Rickarby, Fairhope, for appellees.

COLEMAN, Justice.

The state, as condemnor, appeals from a judgment awarding damages and compensation to a landowner for land condemned for use as a public road.

In the circuit court, the parties stipulated, among other things:

"6. That the only issue in this proceeding is the damages and compensation, if any, to which the respondents are entitled."

The state's motion for new trial was overruled, but the judgment overruling the motion for new trial is not assigned as error.

Where the refusal of the trial court to grant a motion for new trial is not assigned as error, the appellate court cannot consider the judgment overruling the motion for new trial. Glass v. Meyer, Son & Co., 124 Ala. 332, 26 So. 890. There is no question before us as to the weight of the evidence, inasmuch as the action of the trial court in overruling the state's motion for new trial is not assigned as error. Jeffrey Manufacturing Co. v. Hannah, 268 Ala. 262, 267, 105 So.2d 672.

The assignments of error recite as follows:

"1. The trial court erred in permitting land owner's witness, Ray K. Parker, over objection by the State, to testify as to costs for reproduction of the improvements on the nursery lot taken, without first giving the value of the entire tract before the taking, and the value of the tract remaining after the taking (trans. page 37).

"2. The trial court erred in permitting the land owner's witness, Ray K. Parker, to testify, over objection by the State, from a memorandum he made after an inspection of the premises, which memorandum, he said, did not describe the improvements which had to be replaced as a result of the taking (trans. page 38).

"3. The verdict of the jury (trans. page 63) is contrary to the oral and written charges of the Court (trans. page 58–59; 61–62).

"4. The verdict of the jury (trans. page 63) is not supported by the evidence (trans. page 36–45; 46–57).

"5. For that the Court erred in permitting Defendant's witness, John Craig, over objection by Plaintiff, to testify as to the value of Defendant's land without being properly qualified to do so (trans. page 46–57)."

Assignment 3 is to effect that the verdict is contrary to the instructions given to the jury by the court. This assignment amounts to nothing more than an assertion that the verdict is contrary to the law of the case. The assignment does not assert that the trial court erred in any ruling. Such an assignment presents nothing for review because it does not allege error for failure to grant the motion for new trial nor does it allege error by the trial court in any respect. King v. Jackson, 264 Ala. 339, 342, 87 So.2d 623; Standard Oil Co. v. Johnson, 276 Ala. 578, 580, 165 So.2d 361; Doughty v. City of Fayette, 278 Ala. 121, 122, 176 So.2d 481.

Assignment 4 asserts that the verdict of the jury is not supported by the evidence. The assignment alleges no error in any ruling of the trial court and is insufficient to present any question for review. The reasons are stated in Life & Casualty Ins. Co. of Tennessee v. Womack, 228 Ala. 70, 151 So. 880, where this court held insufficient an assignment which recited: " 'There is

no evidence to support the verdict and judgment of the Lower Court.'" Thomas v. Brook, 274 Ala. 462, 149 So.2d 809.

Assignments 1, 2, and 5 assert that the court erred in admitting evidence over appellant's objection.

■ Under the rule laid down in State v. Dunlap, 279 Ala. 418, 186 So.2d 132, when the appellant appeals from a judgment of condemnation, and the only question tried is the amount of the award, the appellant cannot have review of any ruling in admitting or excluding evidence, unless appellant shall assign for error and argue the overruling of appellant's motion for new trial on the ground that the verdict was. excessive or inadequate. State v. Graf, 280 Ala. 71, 189 So.2d 912.

That rule has been applied and followed in State v. Young, 279 Ala. 426, 186 So.2d 140; State v. Jackson, 279 Ala. 425, 186 So. 2d 139; Louisville & Nashville R. Co. v. Lynch, 279 Ala. 461, 186 So.2d 921; and State v. Graf, supra.

In *Dunlap*, this writer dissented, and stated the reasons for dissent, and dissented also in the other four cases last cited. Although the views of this writer remain unchanged, the question has been considered and decided by this court in five cases over his dissent, and the writer has concluded that the rule declared in *Dunlap* must now be regarded as the law in this state until it be changed in a lawful manner.

■ In the instant case, the appellant did not assign for error the overruling of its motion for new trial, and, therefore, appellant cannot have review of the rulings admitting evidence over appellant's objections as asserted in Assignments 1, 2, and 5.

It follows that the judgment must be affirmed because reversible error has not been shown.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.