214 So.2d 425

**R. L. THORNTON, Sr., et al.**

v.

**Lennie E. TUTT et al.**

**2 Div. 476.**

Supreme Court of Alabama.

June 6, 1968.

Rehearing Denied Oct. 10, 1968.

J. Mason Davis, Birmingham, for appellants.

Lindsey & Lindsey, Butler, for appellees.

LIVINGSTON, Chief Justice.

This is an appeal by respondents from a final decree for complainants rendered by the Circuit Court of Choctaw County, Alabama, in Equity.

■ Assignment of error No. 1 was not mentioned or argued by appellant and is therefore waived. Rule 9, Revised Rules of the Supreme Court, 279 Ala. XXIII.

Assignments of error numbered 2 through 6 relate only to errors alleged to have been made by the court reporter in taking down the testimony or in transcribing it, and not to an error by the court.

■■ Only adverse rulings of the trial court are subject to assignments of error and reviewable on appeal. National Association for the Advancement of Colored People v. State, 274 Ala. 544, 150 So.2d 677. In these assignments of error, no error is alleged to have been committed by the trial court and there is nothing for this Court to review.

Assignments of error numbered 7 through 10 are as follows:

"7. Page 59, Final Decree. The court erred in that there is no evidence to support the finding and judgment of the court against your appellants and petitioners.

"8. Page 59, Final Decree. The decree is contrary to the facts in the case.

"9. Page 59, Final Decree. That the decree is contrary to the law in the case.

"10. Page 59, Final Decree. For that the decree is not sustained by the great preponderance of the errors."

■ These assignments of error, 7, 8, 9 and 10, are argued in bulk; 8, 9 and 10 are faulty in that they are too general. Andrews v. May, 277 Ala. 248, 168 So.2d 619; Smith v. Jackson, 277 Ala. 257, 169 So.2d 21; Carlton v. Musicians Protective Association, Local No. 479, 276 Ala. 128, 159 So.2d 831; Thomas v. Brook, 274 Ala. 462, 149 So.2d 809; National Association for the Advancement of Colored People v. State, supra; Roan v. Smith, 272 Ala. 538, 133 So.2d 224; Morris v. Yancey, 272 Ala. 549, 132 So.2d 754; Bertolla & Sons v. Kaiser, 267 Ala. 435, 103 So.2d 736; Rule 1, Revised Rules of the Supreme Court, 279 Ala. XXIII.

■ The 7th assignment of error is argued in bulk with assignments of error 8, 9 and 10, and as 8, 9 and 10 are faulty because too general, assignment of error 7 must also fail. When unrelated assignments of error are argued in bulk, and one is faulty, all must fail.

Affirmed.

LAWSON, MERRILL and HARWOOD, JJ., concur.