230 So.2d 240

**Patricia Lou RUNGE, et al.,**

v.

**MERCANTILE CREDIT CORPORATION,**
**a Corp.**

**6 Div. 723.**

Supreme Court of Alabama.

Jan. 8, 1970.

Nicholson, Forstman & Howard, Birmingham, for appellants.

Sirote, Permutt, Friend & Friedman and William G. West, Jr., Birmingham, for appellee.

BLOODWORTH, Justice.

Respondents, Patricia Lou Runge, Sidney Matthews, and intervenor George L. Snyder, appeal from a final decree rendered by the circuit court of Jefferson County, in equity, awarding the complainant, Mercantile Credit Corporation, title to the inventory, fixtures, equipment and accounts receivable of a furniture business located in

Warrior, Alabama; enjoining them from interfering in any manner therewith; and ordering complainant to sell the inventory, fixtures, etc., crediting its judgment against the respondents with the proceeds.

The bill of complaint in the instant case averred that the complainant secured a judgment in the amount of $44,685.93, on December 9, 1968, against the respondents Runge and Matthews, which was duly recorded. These respondents operated a furniture business at 223 North Main Street, Warrior, Alabama, from January 3, 1967 to March, 1968. During this period they assigned accounts receivable to complainant, which periodically advanced moneys to them. The advancements were secured by a security agreement executed to complainant by respondents. This agreement was the basis of the judgment.

The bill further alleged that complainant has a lien on all the inventory, fixtures, equipment and accounts receivable of the furniture business by virtue of the recorded judgment, and that the respondents, acting individually or together, are continuing to operate the business thereby dissipating assets upon which complainant has a lien and causing irreparable damage to it.

In March, 1968 William B. Smith assumed operation of the store from respondents, with the assent of complainant. He was originally a party respondent along with Runge and Matthews, but was dismissed prior to submission.

On March 31, 1969, George L. Snyder filed a "MOTION TO ALLOW INTERVENTION," alleging that he is the owner of the inventory, fixtures, equipment and accounts receivable of the business located at 223 North Main Street; that the respondents in the original bill, Runge, Matthews, and Smith, do not own anything of value there; that the intervenor is not indebted to complainant; that it is necessary that he be made a party to the original proceedings in order to protect his interests in the business.

Respondents, Runge and Matthews, by their answers admitted the judgment against them, that they are indebted to the complainant, but denied having any interest in the business or premises.

In its final decree, the trial court pointed out that it noted numerous discrepancies in the testimony of intervenor Snyder (who incidentally is the father of respondent Runge), and was of the opinion that his testimony should be "discountenanced." Further, the trial court found that Snyder had failed to meet the burden of proof placed upon him by the affirmative averments of his petition to intervene; and, that relief as to him should be denied.

There is but a single assignment of error in the record, although it is not argued in brief. Respondents' brief does contain a lengthy discussion of various "propositions of law"; yet, there is no argument under these propositions relating to a specific adverse ruling of the trial court.

The assignment of error is as follows:

"1. For that the Court erred in rendering its final decree wherein the Court decreed that the Complainant be and it is hereby decreed to have title to and right of possession of all the inventory, fixtures, equipment and accounts receivable located in 223 North Main Street, Warrior, Alabama."

Complainant has filed a motion to strike the assignment of error and affirm the trial court's decree because the assignment is too general, too indefinite, and fails to complain of an adverse ruling of the trial court.

Our decisions are unequivocal with respect to the rule that assignments of error constitute a form of appellate pleading and it is only adverse rulings of the trial court which are subject to assignments of error and consequently reviewable on appeal. Biddy v. Biddy, 284 Ala. 68, 222 So.2d 162; United Ins. Co. of America v. Pounders, 279 Ala. 410, 186 So.2d 125; Gilmore v. Lee, 282 Ala. 182, 210 So.2d 415.

 Assuming arguendo that the assignment in the instant case seeks to invite our review as to the sufficiency of the evidence, we cannot do so because respondents' brief fails to comply with Supreme Court Rule 9, Revised Rules of the Supreme Court, 279 Ala. XXI, XXVI.

Rule 9 requires the appealing party when assigning as error the insufficiency of the evidence to sustain a decree, to set out in the statement of facts a "condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely." Supreme Court Rule 9, supra.

In Robison v. Robison, 280 Ala. 412, 194 So.2d 568, we said that the appellant's failure to include a condensed recital of the evidence in narrative form under the statement of facts, precluded this court from reviewing the sufficiency of the evidence, and required an affirmance of the trial court's decree. See also, Zanaty v. Hagerty, 280 Ala. 232, 191 So.2d 516; Boudrow v. H & R Construction Company, 284 Ala. 60, 222 So.2d 154.

 There is an additional reason why this court cannot consider the merits of this appeal. As we noted previously, the respondents' brief fails to argue the assignment of error. Assuming again arguendo that the assignment of error is good, Supreme Court Rule 9, supra, provides that assignments of error which are not argued are waived. Thornton v. Tutt, 283 Ala. 72, 214 So.2d 425. While respondents' brief does contain a discussion of various principles of law, there is no discussion of the applicable legal principles with respect to the assignment of error. This does not comply with our rules of appellate practice, and it is within the province of the reviewing court to refuse to examine any assignment of error which does not comply with our rules. Pruett v. State, ex rel. Colbert County, 283 Ala. 33, 214 So.2d 310.

Thus, we need not consider complainant's motion to strike the single assignment of error in view of the conclusions we have reached. Neither is it necessary that we consider the "standing" of respondents Runge and Matthews (who disclaim any interest in the property) to appeal.

Affirmed

LIVINGSTON, C. J., and SIMPSON, COLEMAN, and McCALL, JJ., concur.