237 So.2d 496

**R. S. BURROUGHS et al.**

**v.**

**I. D. BOOTH et al., as Trustees, etc.**

**6 Div. 718.**

Supreme Court of Alabama.

June 18, 1970.

Davis & Baird, Tuscaloosa, for appellants.

C. W. Gross, Tuscaloosa, for appellees.

PER CURIAM.

This is a proceeding in rem to test complainants' title to an area of land described in the complaint. Title 7, §§ 1116–1132, Recompiled Code 1958. Appellees filed the suit in the Circuit Court of Tuscaloosa County, in Equity, wherein appellants intervened and here appeal from an adverse amended decree dated October 8, 1968. The original final decree was rendered and filed on June 14, 1968.

The complainants on June 24, 1968, filed their verified application for a rehearing. They averred in their application that there was an error in the description of the land. The application averred a correct description and prayed suspension in the operation of the original decree; also that they be given permission to amend the original bill of complaint to correct the description in the complaint and in each and every other instrument where the description occurs.

The Chancellor suspended the operation of the decree and set the motion down for hearing, of which appellants were given notice.

Appellants demurred to the application and as grounds therefor charged:

(1) That the final decree of June 14, 1968, as a matter of law could not be amended after entry.

(2) That the respondent is a parcel of property and that a change in description as prayed would be a change of parties respondent.

(3) That the erroneous description of the property was not a clerical error and the court was without authority to modify said decree correcting the description.

(4) The motion contains no equity.

The trial court, after hearing the demurrer, overruled the same. Thereupon, on October 8, 1968, complainants amended their original bill of complaint to show a correct description of the subject area of land. The trial court, on October 8, 1968, amended the original decree of June 14, 1968, to meet the description of the land as set forth in the amendment.

Appellants in a segment of their argument in brief refer to Assignments of Error 11 and 12, which are as follows:

"11. The trial court erred in entering a decree overruling Respondents' demurrer to Complainants' application for rehearing.

"12. The trial court erred in allowing an amendment to the original bill of complaint after final decree had been entered."

 No part of the argument is addressed to Assignment 11, *supra*. This assignment, not being argued, is waived. Epperson v. Stacey, 266 Ala. 396, 96 So.2d 750; Supreme Court Rule 9, Title 7, Appendix, Recompiled Code 1958.

 When the amendment to the original complaint was filed, the operation and effect of the final decree had been suspended and it was not in force and effect. The amended final decree became effective on October 8, 1968, at which time it was rendered and filed. The amendment to the original bill was on file at that time. The amendment was authorized by Equity Rule 28(d), Title 7, Appendix, Recompiled Code 1958. This rule must be given broad and liberal interpretation to advance its beneficent purpose. Clements v. Olive, 274 Ala. 210, 147 So.2d 818. This assignment, 12, is without merit.

'Assignments of Error 14 and 15 read as follows:

"14. The trial court erred in entering an amended final decree in this cause.

"15. The trial court erred in entering an amended final decree in this cause as the same was not and could not be based on the record in this cause."

■ Assignment 14, *supra,* is general and lacks requisite precision. Wetzel v. Hobbs, 249 Ala. 434, 31 So.2d 639; Purvis v. Ennis, 258 Ala. 174, 61 So.2d 451; Supreme Court Rule 1, Title 7, Appendix, Recompiled Code 1958.

■ The amended decree embraces the area of land described in the amendment to the original bill of complaint. This amendment was never stricken, nor does this record reveal any attack on the amendment before or after filing. Assignment 15, *supra,* that the amended final decree was not and could not be based on the record in this cause is without merit.

Assignments of Error 17 and 18 charge that the trial court erred in overruling appellants' motion for rehearing. The court on such motion did not modify its final decree.

■ The decree overruling the application for rehearing is not subject to review on Assignments of Error 17 and 18, *supra.* Mize v. Mize, 273 Ala. 369, 141 So.2d 200; Worley v. Worley, 273 Ala. 505, 142 So.2d 679; Equity Rule 62, Title 7, Appendix, Recompiled Code 1958.

The amended final decree of October 8, 1968, from which this appeal is taken, is affirmed.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL, HARWOOD and McCALL, JJ., concur.