270 So.2d 803

**John SELF and Beverly K. Hollis, Joint Executors of the Estate of Murray Cobb Hollis, Deceased**

v.

**Pearl P. HOLLIS.**

**SC 68.**

Supreme Court of Alabama.

Dec. 14, 1972.

John Self, Hamilton, for appellants.

Bill Fite, Hamilton, for appellee.

BLOODWORTH, Justice.

Appellants appeal from an adverse decree requiring them, as Executors of the Estate of Murray Cobb Hollis, Deceased, to pay $150 towards, and to oversee and permit, the installation of a water meter and connection of water pipes to certain second floor office space, the income from which, under the will of the deceased, was bequeathed to appellee, widow of the deceased.

The first assignment of error is:

"1. For that the Decree and Judgement [sic] is contrary to the law. (T–117)"

This assignment of error raises nothing for review and is without merit. Thomas v. Brook, 274 Ala. 462, 149 So.2d 809 (1963).

The second assignment of error is as follows:

"2. For that the Decree and Judgment (T–117) and Supplemental Decree (T–118) are contrary to the facts in the dase [sic]."

This assignment of error is faulty, in that it is too general. Thus, it must also fail. Thornton v. Tutt, 283 Ala. 72, 214 So.2d 425 (1968).

The third assignment of error recites:

"3. For that the Decree and Judgment (T–117) and Supplemental Decree (T–118) are not sustained by the great proponderance [sic] of evidence and is contrary to both the law and the facts."

This assignment of error is too general and consequently raises nothing for review by this Court. Thomas v. Brook, supra; Thornton v. Tutt, supra.

The fourth assignment of error reads as follows:

"4. For that the Court erred by failing to apply the applicable law to the provision (T–2 & 3) in question in the will."

This assignment of error is too uncertain and indefinite and presents no particular error for our review. J. H. Morris, Inc. v. Indian Hills, Inc., 282 Ala. 443, 212 So.2d 831 (1968).

The fifth assignment of error recites:

"5. For that the Court erred in rendering the said Decree and Judgment (T–117) and Supplemental Decree (T–118) as said Decrees and Judgments are not sustained by the great weight of the evidence and facts of the case."

This assignment of error is also bad. It raises nothing for review. Thomas v. Brook, supra; Thornton v. Tutt, supra.

Appellants' sixth assignment of error complains of a lack of a necessary party. We will consider this assignment of error, since we think it sufficiently raises the issue.

It appears from the pleadings and the testimony that the decedent bequeathed to his widow, the appellee Pearl P. Hollis, the gross rental from the second floor office space in a certain building in Winfield, Alabama. It further appears that the water meter and water pipes running to the second floor were disconnected after the death of the testator. (None of the pleadings reveal, but the testimony reveals, that the pipes ran through a drug store on the first floor.) The second floor office space was located above three stores, one of which was the drug store.

After the bequest to the widow, the will provided, inter alia, that "any expense on the maintenance and upkeep of the said herein described properties be paid from the principal of the estate."

The widow, Mrs. Pearl P. Hollis, prayed that the court require the executors of the Estate of Murray C. Hollis to pay the expenses of installing a water meter and connecting water pipes to the second floor premises, the income from which was left to her.

In a decree rendered on April 27, 1972, the Circuit Court of Marion County, in Equity, granted the prayer of the bill and ordered the executors to pay $150 from the funds of the estate for the installation of a water meter and connection of water pipes to the upstairs office space.

A supplementary decree was rendered by the court on May 8, 1972, which, by its terms, amended the decree of April 27, by ordering the executors to oversee the installation of the water meter and the connection of the pipes and further ordered them to order and permit the attachment of the meter and the pipes to the building.

Appellants, in brief, argue that Beverly K. Hollis is the owner of the drug store on the first floor, being a devisee under the will of the deceased, his father, and that, as such, he is a necessary party to this cause.

Beverly K. Hollis was made a party as an executor, but was not made a party in his individual capacity. Appellants raise this issue of the want of a necessary party for the first time on this appeal.

In the case of Irvin v. Irvin, 207 Ala. 493, 93 So. 517 (1922), this Court held, viz:

"* * * Where the fact of omission of a necessary party is shown on the face of the bill, it may be questioned by demurrer, or notice of the defect taken by this or the lower court ex mero motu. [citations omitted] If that defect is not shown by inspection of the bill, it should be indicated by a plea in abatement. * * *"

See also: Peterson v. Hamilton, 286 Ala. 49, 237 So.2d 100 (1970); Carwile et al. v. Crump et al., 165 Ala. 206, 51 So. 744 (1910).

■ The nonjoinder of Beverly K. Hollis was not raised in this case by a plea in abatement nor by any other pleading. It was raised for the first time on this appeal by appellants' sixth assignment of error. A careful reading of the bill in this case does not indicate that Beverly K. Hollis is the owner of any part of the first floor premises. Thus, it does not appear that he was a necessary party.

The decree of the Circuit Court of Marion County, in Equity, is due to be affirmed.

Affirmed.

COLEMAN, McCALL, FAULKNER and JONES, JJ., concur.