275 So.2d 685

**Grace LEWIS**

v.

**Dellion J. WEEKS.**

**CIV. 121.**

Court of Civil Appeals of Alabama.

April 4, 1973.

Taylor & Taylor, Russellville, for appellant.

Bedford & Bedford, Russellville, for appellee.

BRADLEY, Judge.

The appeal is from a final decree of the Circuit Court of Franklin County granting custody of two minor children to their natural father.

At the time appellee and his former wife were divorced, custody of the two minor children was awarded to the mother; however for sometime the children and their mother had been living in the home of their maternal grandparent, the appellant. In the first part of 1972 the mother of the two children was killed in an automobile accident. Appellee then petitioned the court for custody of the children. A hearing was held at which numerous witnesses testified for both sides. At the conclusion of the hearing the court awarded custody of the children to their father. The grandmother appeals from that decree. There was also a request for a rehearing of the case which was denied.

There are only two assignments of error.

Assignment of error one is as follows:

"The court's decree was contrary to the weight of the evidence. (Page 77 of transcript)."

Appellee states that assignment number one cannot be considered by this court for the reason that appellant's brief fails to comply with Supreme Court Rule 9. Said rule provides that when the sufficiency of the evidence to support a decree is brought into controversy, there must be a condensed recital of each witness' testimony set out in the statement of facts section of the brief.

There is a narrative statement of the facts in the brief consisting of two and one-half pages, but the record reflects that fourteen witnesses testified for the appellant and six witnesses testified for the appellee, with no attempt being made to recite each witness' testimony as required by the rule. Hence we do not consider that appellant has complied with the requirements of Rule 9 in this regard. Metzger Bros., Inc. v. Friedman, 288 Ala. 386, 261 So.2d 398, and Runge v. Mercantile Credit Corp., 285 Ala. 183, 230 So.2d 240.

It has also been decided by the Supreme Court that an assignment of error questioning the weight of the evidence to support the judgment or decree appealed from presents nothing for review. Thomas v. Brook, 274 Ala. 462, 149 So.2d 809, and Self v. Hollis, 289 Ala. 670, 270 So.2d 803.

Assignment number one in the case at bar says that the decree is not supported by the weight of the evidence; therefore, based on the holdings of the Supreme Court, we say that assignment of error number one presents nothing for review.

Assignment of error number two is as follows:

"The court erred in overruling appellant's motion for a rehearing. (Page 78, 79 of transcript)."

It is the settled rule in this State that a decree overruling an application for rehearing where the original decree is not modified is not reviewable, either by appeal or as an assignment of error on ap-

peal from the final decree. Whiteport v. Whiteport, 283 Ala. 704, 220 So.2d 891.

The appeal in the case at bar is from the final decree awarding custody of the children to the father but assignment of error number two is directed to the validity of the denial of the application for rehearing. Such an error, if it be error, cannot be considered by this court.

The two assignments of error set out in the record are without merit and the decree appealed from is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.