277 So.2d 352

**Ethel M. LANE**

v.

**Woodie C. LEE, d/b/a Pilgrim
Construction Co.**

**Civ. 117.**

Court of Civil Appeals of Alabama.

May 2, 1973.

Bailey & Taylor, Fairhope, for appellant.

Chason, Stone & Chason, Bay Minette, for appellee.

HOLMES, Judge.

This case comes on appeal from a judgment in the Circuit Court of Baldwin County.

Appellant, plaintiff below, filed suit against the appellee-defendant based on a written contract to do certain work upon a building owned by appellant in Fairhope, Alabama.

The complaint, as amended, contained three counts. Count one was for a breach of written contract. Counts two and three concerned breach of warranty with reference to the contract.

Demurrers to the amended complaint were overruled and the parties proceeded to trial and at the conclusion of the evidence the case was submitted to the jury under all three counts. The jury returned a verdict in favor of appellee-defendant

and judgment in accordance with the verdict was entered.

Thereafter, appellant moved for a new trial, and such motion was overruled. The appellant has assigned as error the trial court's denial of the motion for a new trial. This motion, as presented to the trial court, contained seven grounds.

■ As this court stated in Shiver v. Barrow, 45 Ala.App. 495, 497, 232 So.2d 676, 677, the effect of such assignment "is to present as a separate assignment of error every ground stated in the motion for new trial. Therefore, the grounds set out in the motion must undergo scrutiny on review as if they were actually assignments of error. Their sufficiency to require review must be determined. They must specify the precise error alleged to have occurred, and must be properly argued. Allred v. Dobbs, 280 Ala. 159, 190 So.2d 712; General Finance Corp. v. Bradwell, 279 Ala. 437, 186 So.2d 150; Danley v. Marshall Lumber and Mill Co., 277 Ala. 551, 173 So.2d 94."

■ Grounds six and seven of the motion for new trial filed by appellant in this case are not argued and therefore are waived. Supreme Court Rule 9; Burroughs v. Booth, 286 Ala. 110, 237 So.2d 496; Thornton v. Tutt, 283 Ala. 72, 214 So.2d 425.

■ Grounds one, two, three, four, and five of the motion for new trial filed by appellant are as follows:

"ONE

"The verdict of the jury is contrary to the uncontroverted evidence in this case.

"TWO

"The verdict of the jury is contrary to the law in this case.

"THREE

"The verdict of the jury is contrary to the great weight of the evidence in this case.

"FOUR

"The verdict of the jury is not sustained by the great preponderance of the evidence in this case.

"FIVE

"The verdict of the jury is contrary to the law and evidence in this case."

These grounds of the motion for new trial are general and insufficient to advise the trial court of any error it had committed, and thus fails so supply this court on review with any information as to error in the court below. See Thornton v. Tutt, *supra*; Thomas v. Brook, 274 Ala. 462, 149 So.2d 809; Shiver v. Barrow, *supra*; Allred v. Dobbs, *supra* (280 Ala. 159, 190 So.2d 712); General Finance Corp. v. Bradwell, *supra* (279 Ala. 437, 186 So.2d 150); Grimes v. Jackson, 263 Ala. 22, 82 So.2d 315.

■ In Alabama, under our present practice, an appellate court is limited to a review of those errors brought before it by a proper assignment of error. Supreme Court Rule 1; 2A Ala.Dig., Appeal and Error, ☞719(1); Hoefer v. Snellgrove, 288 Ala. 407, 261 So.2d 431.

■ Appellant's assignments of error as presented to this court, numbered 3, 4, and 9, are as follows:

"3. The trial court erred in overruling and denying the Plaintiff's motion for a new trial for that the verdict of the jury is contrary to law.

"4. The trial court erred in overruling and denying the Plaintiff's motion for a new trial for that the verdict of the jury was contrary to uncontroverted evidence.

"9. The lower court erred in rendering its judgment of April 12, 1972, in that the same is not supported by the preponderance of legal, competent and material testimony."

These assignments of error are too uncertain and indefinite and present no par-

ticular error for our review. Self v. Hollis, 289 Ala. 670, 270 So.2d 803; Thornton v. Tutt, *supra*; Thomas v. Brook, *supra*.

Appellant's able counsel further assigns as error certain comments made by the trial court during appellant's closing argument. This court has carefully studied the record and has found no objection or exception taken by appellant, plaintiff below, to any remark by the trial judge.

Where no objection was made or exception taken to any remark by the trial judge, nothing is presented here for review. Thompson v. Havard, 285 Ala. 718, 235 So.2d 853; Old Southern Life Insurance Company v. Free, 46 Ala.App. 622, 247 So.2d 379; Rice v. Hill, 278 Ala. 342, 178 So.2d 168; Page v. Hawk, 250 Ala. 26, 33 So.2d 8.

Furthermore, it is a well settled principle of law that matters not objected to cannot be considered for the first time on appeal. Hoefer v. Snellgrove, *supra*.

Assignments of error numbered 5, 6, 7, and 8 are not argued in brief and are therefore waived. Supreme Court Rule 9; Burroughs v. Booth, *supra*.

The above is dispositive of all of appellant's properly presented and argued assignments of error and, while it is not necessary to this opinion, the following comments are deemed appropriate.

On appeal to this court, in this instance, all favorable presumptions are given in favor of the verdict of the jury and the verdict will not be disturbed unless it is plainly and manifestly unjust. Fuller v. Yancey, 281 Ala. 126, 199 So.2d 666; 2A Ala.Dig., Appeal and Error, ☞999(1). Furthermore, when the trial judge refuses to grant a motion for new trial, such presumptions are strengthened. Shores v. Terry, 285 Ala. 417, 232 So.2d 657; 2A Ala.Dig., Appeal and Error, ☞930(1). In this instance, we could not say the verdict is plainly and manifestly unjust.

Additionally, in this instance, on appeal from a judgment or a jury's verdict this court cannot decide fact issues, but only whether there is sufficient evidence on which a verdict may be predicated. Herrington v. Hudson, 262 Ala. 510, 80 So.2d 519. Here, from our review of the evidence as presented by the record, there would be sufficient evidence on which the verdict could be predicated.

Further, as this court has stated on numerous occasions, it is our policy, where at all possible, to decide cases on their merits rather than what some have described as technicalities.

Portions of this decision could perhaps be classified as being decided on technicalities.

The legislature in 1971, by Act No. 964, Acts of Alabama 1971, Regular Session, approved September 7, 1971, conferred upon our supreme court power to adopt a new system of rules to govern procedure in appellate courts. These rules are to allow the appellate courts to better determine litigation on their merit, and such rules are presently in the process of being completely formulated. In fact, on April 23, 1973, our supreme court adopted a new rule, Supreme Court Rule 52. However, until such additional needed rules are adopted prior decisions of the supreme court and this court must be followed. For us to do otherwise would not only be overruling prior decisions of the supreme court, which power we do not possess nor should possess, but would create a system of appellate practice without appropriate rules by which all must abide. Without an appropriate uniform appellate procedure and practice the appellate process would at best be divergent.

All assignments of error properly presented and argued having been considered, the judgment is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.