280 So.2d 162

**Robert Wilburn MUERY et al.**

v.

**Barbara Darlene MUERY et al.**

**Civ. 64.**

Court of Civil Appeals of Alabama.

June 27, 1973.

Robert Wilburn Muery, pro se.

No brief for appellee.

BRADLEY, Judge.

It appears from the record that the appellant in the above styled cause has appealed from a divorce decree rendered against him by the Circuit Court of Madison County, in Equity, on May 18, 1972. The record on appeal consists of about fifteen hundred pages and bound therein are two hundred sixty purported assignments of error. Appellant, a non-lawyer who is not represented by counsel, has filed a brief in support of his contentions as to defects in this case. Appellee has not favored us with a brief, but has filed a motion to dismiss the appeal.

In her motion to dismiss the appeal, appellee points out that the alleged assignments of error do not properly assign specific rulings of the trial court as error and hence are insufficient as assignments of error.

In discussing assignments of error the Supreme Court, in National Ass'n for Advancement of Colored People v. State, 274 Ala. 544, 150 So.2d 677, rev'd on other grounds, 84 S.Ct. 1302, 377 U.S. 288, 12 L. Ed.2d 325, had the following to say:

"An assignment of error is an instrument of appellate pleading, Board of Education of Colbert County v. Mitchell, 270 Ala. 594, 121 So.2d 103; Wetzel v. Hobbs, 249 Ala. 434, 31 So.2d 639, and *only adverse rulings of the trial court are subject to an assignment of error and reviewable on appeal,* Clark v. Hudson, 265 Ala. 630, 93 So.2d 138; Central of Georgia Ry. Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290.

\*    \*    \*    \*    \*    \*

". . . The office of an assignment of error is not to point out legal contentions but only to inform this court that appellants assign as erroneous certain named rulings. [Citations omitted.]"

See also Thornton v. Tutt, 283 Ala. 72, 214 So.2d 425.

A careful examination of the purported assignments of error fails to reveal a sin-

gle specific ruling of the Circuit Court of Madison County cited to us as being erroneous. The most that can be said for these alleged assignments of error is that they are "legal contentions," and as such are not acceptable as assignments of error which an appellate court is required to review.

No specific ruling of the trial court having been assigned as error, there is nothing for this court to review. Thornton v. Tutt, *supra*.

■ An inadequate assignment of error requires an affirmance of the decree rendered below. Stidham v. Stidham, 264 Ala. 195, 86 So.2d 294; consequently we will not consider the motion to dismiss.

The decree appealed from is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.